**Manuel RAMIREZ, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08-98-00010-CV.

Court of Appeals of Texas,
El Paso.

July 2, 1998.

William A. Elias, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, Ken Slavin, Brower & Slavin, El Paso, for State.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION

BARAJAS, Chief Justice.

■ This is an appeal from a *quo warranto* proceeding in which Appellant Manuel Ramirez, Jr., was removed from office as El Paso City Representative for District Number 8 for failing to reside in the district for the six months preceding the election.[1] For the reasons stated below, we affirm the jury's verdict.

## I. SUMMARY OF THE EVIDENCE

A general election for City Representative for District Number 8, El Paso, Texas, was held May 3, 1997 and a run-off election was held on May 31, 1997. Ramirez won the run-off election. On August 8, 1997, the State, through the District Attorney's Office, sought leave from the 120th District Court to file this *quo warranto* proceeding against Ramirez on the ground that he failed to reside in District 8 for the required six months preceding the election. On October 1, 1997, the court granted leave to file the *quo warranto* proceeding. The jury trial in this case began on January 5, 1998. After a two-day trial, the jury returned a verdict for the State. On January 8, 1998, the trial court entered its judgment based on the jury's verdict removing Ramirez from office and assessing court costs against him.

## II. DISCUSSION

■ Ramirez presents five issues on appeal attacking the legal and factual sufficiency of the evidence and contending the trial court abused its discretion. We note at the outset that Ramirez failed to preserve the legal and factual sufficiency complaints. Under the Texas Rules of Civil Procedure, a point in a motion for new trial is a prerequisite to a complaint of factual insufficiency of the evidence to support a jury finding and to a complaint that a jury finding is against the great weight and preponderance of the evidence. *See* Tex.R. Civ. P. 324(b)(2) & (3). Furthermore, while Tex.R. Civ. P. 324(b) does not expressly require a motion for new trial to complain of legal sufficiency in a jury trial, the Supreme Court has imposed just such a requirement if the error has not been otherwise preserved. *Salinas v. Fort Worth Cab & Baggage Co., Inc.*, 725 S.W.2d 701, 704 (Tex.1987); *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex.1985); *see also Parallax Corp., N.V. v. City of El Paso*, 910 S.W.2d 86, 90 (Tex.App.—El Paso 1995, writ denied). As a prerequisite to a "no evidence" point of error on appeal, an appellant must have presented the complaint to the trial court by motion for instructed verdict, objection to the submission of the jury question, motion for judgment non obstante veredicto, motion to disregard the contested jury finding, or a motion for new trial. *Salinas*, 725 S.W.2d at 704 (citing *Aero Energy*, 699 S.W.2d at 822). The record before us reflects that the legal and factual sufficiency complaints were not presented to the trial court. Ramirez did not file a motion for instructed verdict, a motion for judgment notwithstanding the verdict, or a motion for new trial. Thus, under this record, Ramirez has not preserved any right to complain about the legal or factual sufficiency of the evidence to support the jury's verdict. Accordingly, we overrule Appellant's Issue No. Five.

---

1. A writ of quo warranto is an extraordinary remedy available to determine disputed questions about the proper person entitled to hold a public office and exercise its functions. *State ex rel. R.C. Jennett v. Owens*, 63 Tex. 261, 270 (1885). Such proceedings have been authorized by stat- ute since 1879. *See* Act approved July 9, 1879, 16th Leg., S.S., ch. 48, § 1, 1879 Tex. Gen. Laws 75, 75, reprinted in 9 H.P.N. Gammel, Laws of Texas 43, 43 (current version at Tex. Civ. Prac. & Rem.Code Ann. § 66.001 (Vernon 1997)).

## A. Abuse of Discretion Standard of Review

"A [party] who attacks the ruling of a trial court as an abuse of discretion labors under a heavy burden." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)(orig.proceeding). The test for abuse of discretion is not whether, in the opinion of this Court, the facts present an appropriate case for the trial court's actions. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Amador v. Tan*, 855 S.W.2d 131, 133 (Tex.App.—El Paso 1993, writ denied). Another way of stating the test is whether the act was arbitrary or unreasonable. *Downer*, 701 S.W.2d at 242 (citing *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984)); *Amador*, 855 S.W.2d at 133. The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Downer*, 701 S.W.2d at 242 (citing *Southwestern Bell Telephone Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex. 1965)). A mere error of judgment is not an abuse of discretion. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989).

### 1. Motion for Continuance

In his first issue, Ramirez complains that the trial court abused its discretion in denying his First Motion for Continuance. The granting or denying of a motion for continuance is within the sound discretion of the trial court and will not be disturbed on appeal absent a clear abuse of discretion. *State v. Wood Oil Dist., Inc.*, 751 S.W.2d 863, 865 (Tex.1988). This motion for continuance was Ramirez's first motion in the trial court, however, we find nothing in the rules of civil procedure requiring a trial court to grant a "first" motion for continuance merely because it meets all the requirements of the statute, and it is uncontroverted by the opposing party. *Fritsch v. J.M. English Truck Line*, 151 Tex. 168, 246 S.W.2d 856 (1952); *Durston v. Best Western Motel*, 695 S.W.2d 795, 797 (Tex.App.—Waco 1985, no writ).

Ramirez's motion sought additional time to complete discovery. In applying for a continuance for the purpose of discovery, Rule 252 of the Texas Rules of Civil Procedure requires the party under oath to demonstrate that the testimony is material and to provide proof of the materiality; to show due diligence was exercised to procure such testimony; to state the cause of failing to procure such evidence, if known; to state the name and residence of the witness and what he/she expects to prove by him/her; and to state that the continuance is sought not for delay but so that justice may be done.[2] Tex.R. Civ. P. 252.

Ramirez's motion failed to specify the information and testimony he sought or why it was material. Rather, Ramirez complained that the time permitted by the court would not enable him to properly complete discovery through the deposition process and that subpoenaing the witnesses would take an extensive period of time. However, Ramirez did not state the names of the witnesses from whom he sought testimony, nor did he state what he expected to prove from said witnesses. *See Gabaldon v. G.M. Corp.*, 876 S.W.2d 367, 370 (Tex.App.—El Paso 1993, no writ). Furthermore, at the hearing on the motion the trial court asked if there was any specific discovery still needed, counsel for Ramirez named only one person, Bobby Rivas. The trial court then stated that Ramirez would be allowed to depose Mr. Rivas.

Generally, a court is presumed to have correctly exercised its discretion when it denies a motion that does not comply with the rules governing continuances. *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986). Ramirez's Motion for Continuance does not comply with the Texas Rules of Civil Procedure. In following the guidelines set out in the rules, the trial judge acted in accordance with recognized guiding principles. He did not act arbitrarily or unreasonably. Thus,

---

**2.** The additional requirement of showing that the absent testimony cannot be procured from any other source is not necessary on a first application for continuance. *See* Tex.R. Civ. P. 252.

we find no abuse of discretion in the trial court's failure to grant the request for a continuance. Accordingly, Issue No. One is overruled.

### 2. Disqualification of District Attorney's Office

In Issue No. Two, Ramirez contends that the trial court abused its discretion in not disqualifying the District Attorney's Office entirely in this case. Ramirez complains that the trial court allowed the District Attorney's Office to choose to represent the State in the civil *quo warranto* proceeding **or** in the criminal investigation arising out of the civil proceeding. However, at the hearing on the issue, Ramirez's counsel specifically requested that the District Attorney's Office make such a choice. Counsel for Ramirez stated, "[W]e're asking the State to make an election of either representing the State so far as the criminal case is concerned or to represent the State so far as the *quo warranto* case is concerned." Later, he also stated, "So regardless if a criminal prosecutor is appointed or not, all we're asking the Court is this. Let the district attorney make their decision." After the hearing, the trial court entered an order disqualifying the District Attorney's Office from pursuing a criminal investigation of any matters arising from the civil proceeding. The order also appointed the El Paso County Attorney's Office as the special prosecutor to investigate possible criminal violations.

 The doctrine of invited error applies to this situation. A party may not complain of an error which he has invited. *International Piping Systems, Ltd. v. M.M. White & Assoc.*, 831 S.W.2d 444, 449 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *Evans v. Covington*, 795 S.W.2d 806, 809 (Tex.App.—Texarkana 1990, no writ); *Shafer v. Bedard*, 761 S.W.2d 126, 131 (Tex. App.—Dallas 1988, no writ); *Ideal Mut. Ins. Co. v. Sullivan*, 678 S.W.2d 98, 100 (Tex. App.—El Paso 1984, writ dism.'d). Further, we note that a party cannot request something of the trial court and then complain that the court committed error in granting the relief. *Northeast Tex. Motor Lines v. Hodges*, 138 Tex. 280, 158 S.W.2d 487, 488

(Tex.1942); *Austin Transp. Study Policy Advisory Comm. v. Sierra Club*, 843 S.W.2d 683, 689–90 (Tex.App.—Austin 1992, writ denied); *Bayoud v. Bayoud*, 797 S.W.2d 304, 312 (Tex.App.—Dallas 1990, writ denied). Nor may a party argue a theory on appeal that is different from that presented to the court below. *Austin Transp. Study*, 843 S.W.2d at 689–90. In the court below, Ramirez asked that the District Attorney's Office make an election to either pursue the civil action or the criminal action. On appeal, Ramirez complains that the trial court abused its discretion in allowing such an election to be made. Ramirez may not now take a position inconsistent with the one argued to the trial court. Accordingly, we overrule Issue No. Two.

### 3. Quo Warranto Proceeding

In Issue No. Three, Ramirez complains that the trial court abused its discretion in granting leave to file an information in the nature of *quo warranto*. Ramirez objected and specially excepted to the petition because it referred to an affidavit which had been ruled defective by the trial court. While the trial court initially denied the petition for leave because the supporting affidavit included "information and belief" language, the court did allow the State to file an amended petition. Thereafter, the State filed a supplemental petition for leave and argued that all the case law and existing authority requires is that a sworn petition be filed. At the hearing on the matter, the trial court stated,

Just for the record, I am not finding that this affidavit brings in the allegations from the previous affidavit as true and correct in this matter, but I am proceeding under both the verification as to the petition as well as the affidavit; and both of them do give evidence that the respondent was not a resident for the period of six months preceding the election. So there is evidence that is probable grounds. I am not finding that that would be sufficient on a jury trial in this matter, because I do not have to make that ruling, and I do not do it at this time. All I am saying is that it does establish probable grounds for the

proceeding. So I will grant leave of Court for the quo warranto to be filed, and that process shall be issued as in accordance with civil procedure matters.

■ Section 66.002(d) of the Civil Practice and Remedies Code provides that "[i]f there is probable ground for the proceeding, the judge shall grant leave to file the information, order the information to be filed, and order process to be issued." TEX. CIV. PRAC. & REM.CODE ANN. § 66.002(d) (Vernon 1997). For the purpose of determining whether probable ground exists to support the proceeding, we will accept as true the allegations contained in the State's petition. If the petition states a cause of action, then the trial court did not err in granting permission to file it. *See, e.g., State v. Fischer*, 769 S.W.2d 619, 622 (Tex.App.—Corpus Christi 1989, writ dism'd w.o.j.) *State v. City of Orange*, 274 S.W.2d 886, 888 (Tex.Civ.App.—Beaumont 1955, no writ). The State's petition alleged that "Ramirez did not reside in District Number 8 for the entire period of six months preceding the election." The petition also alleged that "failure to meet the residency requirement renders [Ramirez] ineligible as a candidate for that office."

■ Based on the evidence presented by the State, the trial court believed probable grounds existed for proceeding. The trial judge clearly stated that he did not find that the amended affidavit brought in allegations from the previous affidavit as true and correct in the matter. Instead, the court proceeded under both the verification as to the petition as well as the affidavit, although the court need only find that the petition stated a cause of action to proceed. The trial court acted in accordance with recognized guiding principles and did not act arbitrarily or unreasonably. Thus, we find no abuse of discretion in the trial court granting leave to file the *quo warranto* proceeding. Accordingly, we overrule Issue No. Three.

#### 4. Discovery Period

In his fourth issue, Ramirez contends that the trial court abused its discretion by permitting discovery prior to and after the pertinent time period of "six months preceding the general election," and allowing evidence thereof at trial. Rule 166b(2)(a) of the Texas Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter which is relevant to the subject matter in the pending action whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." TEX.R. CIV. P. 166(b)(2)(a). Furthermore, the scope of discovery is largely within the discretion of the trial court.

■ We note that Ramirez fails to cite any authority in support of this issue. As stated by this Court before, failure to cite authority in support of a point of error on appeal waives the complaint. *Brooks v. Housing Auth. of City of El Paso*, 926 S.W.2d 316, 323 (Tex.App.—El Paso 1996, no writ); *City of El Paso v. Zarate*, 917 S.W.2d 326, 332 (Tex.App.—El Paso 1996, no writ); *Romero v. Parkhill, Smith & Cooper, Inc.*, 881 S.W.2d 522, 529 (Tex.App.—El Paso 1994, writ denied); *see* TEX.R.APP. P. 38.1(h).

■ At the hearing, counsel for Ramirez asked the trial court to limit the scope of discovery "to the crucial time six months preceding the election." The court responded, "[b]ut I cannot limit it to that because I have to limit it to what is relevant, and it may be that other matters are relevant, other matters may not be relevant." In following the guidelines set out in the rules, the trial judge acted in accordance with recognized guiding principles. He did not act arbitrarily or unreasonably. Thus, we find no abuse of discretion in the trial court's refusal to limit the scope of discovery to the six month period preceding the election. Issue No. Four is overruled.

Having overruled each of Appellant's issues on appeal, we affirm the judgment of the trial court.