COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARK BERRY, | § | |
| | | No. 08-08-00188-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law Number Three |
| TODD SEGALL, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 2005-6669) |
| | § | |

**O P I N I O N**

Mark Berry appeals a post-verdict take-nothing judgment entered by the trial court, asserting in a single issue that the trial court erred in determining that Todd Segall was entitled to offset the jury's verdict when the issue was not submitted to the jury. We affirm.

**BACKGROUND**

This case arises from an automobile collision. In September 2005, while driving his truck, Segall collided with and damaged a vehicle owned by Berry. Berry filed suit against Segall and ultimately sought to recover $10,141.17 for vehicle repairs, $1,500 for diminution in value of the vehicle, and $2,250 for the lost use of the vehicle. Segall, in his amended answers and during pretrial and post-trial arguments, affirmatively pled entitlement to receive "credit and offset for said payment and for all other settlement or other monies received by or on behalf of [Berry] from any other person, party and/or entity." In support of this defense, Segall alleged that his insurance carrier, State Farm Mutual Automobile Insurance Company (State Farm), had made a subrogation payment in the amount of $10,141.17 to Berry's insurance carrier, USAA, "in full payment and satisfaction of the cost of repairs to Plaintiff's vehicle."

As Segall made a pretrial admission of negligence, a jury trial was scheduled for the sole purpose of determining Berry's alleged damages. In his pretrial submission to the court, Berry identified the following legal matter to be ruled on by the court: "Whether [Segall] may introduce evidence of payment to plaintiff by his insurance company for damage to the vehicle under the Collateral Source Rule." Both parties presented pretrial arguments to the trial court addressing not only this issue but regarding the applicability of the collateral source rule and the right of Segall to offset any judgment. Berry specifically made these statements to the trial court:

> So, my position would be that if there is any evidence concerning any payments by insurance companies in this case, they should be made to the Court out of the presence of the jury since they won't have any bearing on the question for the jury of the value. The only questions for the jury are value. They have not submitted any proposed instructions or questions for the jury concerning this issue of setoff. So I think that's going to be strictly a question of law.

While Segall presented arguments expressing disagreement with Berry's characterization of the insurance payments as constituting a collateral source, both parties and the trial court agreed, that no insurance matters would be introduced during the damages trial and that the trial court's post-verdict determination of offset issue as a question of law was appropriate. The trial court advised it would research the offset issues and advised counsel to present any materials they wished the court to consider before trial. In its Order in Limine, the trial court barred the parties from raising or discussing in the presence of the jury any matters involving or relating to insurance, the liability or non-liability for any resulting judgment, or that any portion of the damages sought by Berry had been or would be paid by any collateral source in the presence of the jury during the trial. At no time did Berry register an objection to any of these discussions or determinations.

During the course of trial, but outside the presence of the jury, the trial court heard testimony from a State Farm claim representative who explained that State Farm had received a subrogation

demand from USAA, Berry's insurance carrier. The representative also testified that the two carriers had agreed that USAA would pay Berry's vehicle repair claim and, in turn, State Farm would reimburse USAA. A copy of the check issued by State Farm to USAA in the amount of $10,141.17 was admitted into evidence for the trial court's consideration.

The jury heard evidence regarding the alleged value of the damages that Berry sought to recover. In the court's charge, the jury was asked to determine the reasonable costs to repair Berry's vehicle, the value of the loss of use of the vehicle, and the difference in the market value of the vehicle. The jury returned a verdict identifying $10,141.17 as the reasonable cost of repairs to Berry's vehicle but did not award Berry any damages for any diminution in value or loss of use of his vehicle.

On the day of trial, March 24, 2008, Berry hand-delivered to Segall a Memorandum of Law in support of his contention that Segall was not entitled to offset any judgment pursuant to an exception under the collateral source rule.[1] Two days after trial, on March 26, 2008, the trial court entered an "Order Relative to Entry of Judgment or Final Disposition," in which the court directed Berry to prepare a "dispositive pleading" by April 28, 2008. Segall also filed "Defendant's Motion to Enter Judgment with Setoff" on March 26, 2008. In his motion, Segall presented cases and arguments in support of his contention that the collateral source rule was inapplicable to the case because the payment was made from a source procured by and for the benefit of the tortfeasor, Segall, and was not made from a source other than Segall. Segall also argued that Berry's jury award should be offset by the subrogation amount already paid to Berry by his insurance carrier, USAA,

---

[1] Berry's Memorandum of Law is file-stamped October 7, 2008, long after the conclusion of the trial and the filing of Berry's notice of appeal. The record on appeal does not reflect if or when the trial court may have received or considered Berry's memorandum. Berry does not complain on appeal that the trial court did not have the benefit of this legal memorandum.

which was, in turn, reimbursed by Segall's insurer, State Farm. Segall explained that because each insurer had stepped into the shoes of its insured and because Segall's insurer had paid Berry's insurer through subrogation, a setoff of the amount already paid to Berry was proper to prevent Berry from obtaining a double recovery.

The trial court set Segall's motion to be heard on April 22, 2008.[2] Berry did not appear at the hearing and the trial court entered a take-nothing judgment against Berry. In its judgment, the trial court incorporated the jury's verdict as to each of the damage issues and, having considered the evidence presented outside the presence of the jury, the court found that Segall was entitled to an offset in the amount of $10,141.17 against Berry's judgment. Berry thereafter filed this appeal.

## DISCUSSION

In his sole issue on appeal, Berry asks us to determine "[w]hether the trial court erred in making a finding of fact and conclusion that the defendant is entitled to a setoff where no such issue was submitted to the jury." In support of his contention that the trial court did commit error, Berry makes three arguments. Berry first complains that the determination of whether a party was entitled to offset any judgment was a question of fact to be determined by the jury, not a question of law to be determined by the judge. His second contention is that Segall waived any claim of offset because the issue was not submitted to the jury and Segall did not object to the omission of the matter from the court's charge. Finally, Berry complains that after the jury returned its verdict, Segall argued to the court that Berry was not entitled to a judgment based upon a claim of subrogation that Segall allegedly failed to plead. We disagree.

---

[2] On its face, the Order Setting Hearing contains a notation that a copy of the order was sent by facsimile transmission to Segall's attorney, Mr. Ruben Robles. In the Clerk's Record, there is also a facsimile cover sheet and facsimile transmission showing that the order was transmitted to Mr. Robles. There is no evidence in the record on appeal that Mr. Berry was ever provided notice of the order or the hearing date. Nonetheless, Mr. Berry does not complain on appeal about lack of notice.

The doctrine of invited error provides that a party may not complain of an error which he has invited. *In re Department of Family and Protective Services,* 273 S.W.3d 637, 646 (Tex. 2009); *Tittizer v. Union Gas Corp.,* 171 S.W.3d 857, 862 (Tex. 2005); *Ramirez v. State*, 973 S.W.2d 388, 392 (Tex. App.–El Paso 1998, no pet). Nor may a party ask something of the trial court and then complain that the court erred in granting the relief sought. *Northeast Tex. Motor Lines v. Hodges,* 138 Tex. 280, 158 S.W.2d 487, 488 (1942); *Bluestar Energy, Inc. v. Murphy*, 205 S.W.3d 96, 101 (Tex. App.–Eastland 2006, pet. denied). Similarly, a party may not argue a theory on appeal that is different from that presented to the trial court. *Austin Transp. Study Policy Advisory Committee v. Sierra Club,* 843 S.W.2d 683, 689-90 (Tex. App.–Austin 1992, pet. denied); *see Furnace v. Furnace*, 783 S.W.2d 682, 684 (Tex. App.–Houston [14th Dist.] 1989, writ dism'd w.o.j.) (holding that appellant who argued at trial that trust agreement was ambiguous and should go to jury for interpretation could not on appeal assert that the trust agreement was unambiguous and should be interpreted as a matter of law); *Ramirez*, 973 S.W.2d at 392.

### *Application of Law*

Before trial, Berry not only asked the trial court to make a legal ruling regarding whether or not insurance issues should be presented to the jury, he in fact characterized the issue of offset as one of law to be determined by the court and posited that the jury should not hear any evidence of insurance or offset issues. There was never any question by either party, nor objection by Berry, regarding the appropriateness of the trial court's decision to make the offset ruling as a matter of law after the jury's verdict and before entering the judgment. In this case, Berry received what he requested: the trial court's consideration of insurance evidence outside the presence of the jury and a determination by the trial court of offset matters after the jury returned its verdict. He now complains on appeal that the trial court should have submitted the offset issue to the jury. Not only

has Berry invited the error of which he complains on appeal, he now argues a theory different than that presented to the trial court, namely that the offset issue was a question of law for the judge's determination.

Because the doctrine of invited error applies to this case, and because Berry asserts a different theory on appeal than the one he presented to the trial court, we overrule his sole issue on appeal. *In re Department of Family and Protective Services,* 273 S.W.3d at 646; *Tittizer,* 171 S.W.3d at 862; *Ramirez*, 973 S.W.2d at 392; *Sierra,* 843 S.W.2d at 689-90.

## CONCLUSION

The trial court's judgment is affirmed.


GUADALUPE RIVERA, Justice

May 19, 2010

Before Chew, C.J., Rivera, J., and Larsen, J.
Larsen, J., sitting by assignment