**AFFIRM, REVERSE, and REMAND; Opinion issued February 27, 2013.**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-11-00759-CV

---

**CHARLIE PATEL, Appellant and Cross-Appellee**

**V.**

**CREATION CONSTRUCTION, INC., Appellee and Cross-Appellant**

---

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-11363-A**

---

# MEMORANDUM OPINION

Before Justices O'Neill, FitzGerald, and Lang-Miers
Opinion By Justice Lang-Miers

Appellant and cross-appellee Charlie Patel contracted with appellee and cross-appellant Creation Construction, Inc. to construct a convenience store in NorthPark Center, a shopping mall located in Dallas, Texas. The space in the mall was leased by an entity named Corner Store, Inc., which later changed its name to EZN News Nibbles Necessities ("EZN"). Creation later sued several defendants, including Patel and EZN, seeking approximately $79,000 in damages for services provided in connection with the construction of the convenience store—$42,630.72 under the terms of the construction contract, and $36,809 relating to oral change orders made during the construction. After a nonjury trial the trial court entered judgment against Patel and EZN for $42,630.72 in actual damages and $71,204.97 in attorneys' fees, as well as postjudgment interest and court costs.

In three related issues on appeal Patel argues that he is not liable to Creation because he was acting as an agent for EZN when he signed the construction contract. We resolve Patel's issues against him.

On cross-appeal Creation argues that the trial court erred when it denied its request for prejudgment interest. We agree with Creation and remand this case to the trial court.

Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

## PATEL'S ISSUES ON APPEAL

In Patel's first issue on appeal he argues that the trial court erred when it rendered judgment against both him and EZN. The crux of Patel's argument is that he is not liable to Creation due to his "defense of agency immunity." When a party signs a contract and later seeks to avoid personal liability on the contract by establishing the affirmative defense of agency, the party must prove that he disclosed (1) that he was acting in a representative capacity, and (2) the identity of his principal. *Wright Grp. Architects-Planners, P.L.L.C. v. Pierce*, 343 S.W.3d 196, 200 (Tex. App.—Dallas 2011, no pet.). A person who fails to disclose that he is signing a contract as an agent may be held liable on the contract. *Id.*

In this case Patel did not plead the affirmative defense of agency, and the uncontradicted evidence showed that when he signed the contract with Creation, he did not disclose that he was acting in a representative capacity, nor did he disclose to Creation the identity of his alleged principal. And Patel's defense at trial did not center on his status as an agent for EZN. Instead, Patel's two main defenses were that (1) Creation breached the construction contract first by not completing the project in a timely manner, and (2) Creation was not entitled to recover the $36,809 relating to oral change orders made during the construction. During closing argument, Patel's counsel argued that EZN was a third-party beneficiary of the contract, not that EZN was Patel's

–2–

principal:

> [Patel's counsel]: And lastly, Your Honor, let me address EZN's damages. And I'm anticipating Your Honor may have a question in your mind, ["]Well, if the contract's between Patel and Creation, how is it that EZN gets the damages here[?"] The evidence that's undisputed in this case that you've heard is that Mr. Patel entered into this contract with Creation for the specific purpose and benefit of EZN—

> THE COURT: Are you suggesting a third-party beneficiary?

> [Patel's counsel]: Absolutely, Your Honor. Intended third-party beneficiary. . . . There's ample evidence for this Court to find third-party beneficiary status for EZN.

Also, in connection with Creation's request for interest and attorneys' fees, Patel's counsel argued that Creation was not entitled to recover interest or fees because Patel was willing from the outset to pay the money he owed under the contract:

> [Patel's counsel]: . . . The net result here, Your Honor, is as I said, the [$]42,630.72. That's the amount that's owed, period. The reason "period," no interest, no attorneys' fees, is because that's the amount that Mr. Patel and EZN have been willing to pay Creation from the get-go. From one day after they were terminated from this project Mr. Patel has been telling [Creation] I will pay you what I owe you under this contract, and he has been steadfastly rejected in that offer.

In short, at trial, Patel did not claim to be EZN's agent.

On appeal Patel does not cite to evidence demonstrating that he disclosed that he was acting in a representative capacity for a certain disclosed principal at the time he signed the construction contract. Instead he focuses on the judgment of joint and several liability against him and EZN and argues that it is "inherently contradictory." More specifically, Patel argues that EZN can be liable to Creation only if Patel was acting as EZN's agent when he signed the contract, and if Patel was acting as EZN's agent, Patel cannot be personally liable to Creation. EZN, however, did not appeal the judgment in this case. As a result, we do not address whether the trial court properly rendered

–3–

judgment against EZN. Instead, we confine our analysis to the judgment against Patel, and to Patel's argument that he is immune from liability due to his agency defense. And we conclude that because Patel did not claim to be EZN's agent during trial, we reject his argument on appeal that he is immune from liability due to his agency defense. *See Berry v. Segall*, 315 S.W.3d 141, 144 (Tex. App.—El Paso 2005, no pet.) ("[A] party may not argue a theory on appeal that is different from that presented to the trial court."). As a result, we resolve Patel's first issue against him.

Patel's second issue is also premised on his claim that he was an agent for EZN. In his second issue Patel argues that the judgment against him is contrary to the pleadings and the evidence because there was no "pleading or evidence of wrongful conduct by Patel sufficient to overcome agency immunity." We have already concluded, however, that Patel cannot argue on appeal that he proved the affirmative defense of agency. As a result, we resolve Patel's second issue against him.

In Patel's third issue he argues that the trial court erred when it disregarded "the stipulation on the record by counsel of Patel's agency capacity." To support his argument Patel relies on the following statements made at the beginning of the trial:

> [Patel's counsel]:      It is stipulated that there's a written contract between—signed by—[e]xcuse me—signed by Charlie Patel for the tenant and Creation as the contractor to do the finish-out work.
>
>          . . .
>
> THE COURT:      All right, [counsel for Creation], do you all agree to those stipulations?
>
> [Creation's counsel]:    Yes, Your Honor.

Patel also argues that the "tenant" referenced in his counsel's statement was EZN, as reflected in the lease agreement between NorthPark and EZN admitted into evidence as Plaintiff's Exhibit 16.

We disagree that the statements Patel relies upon demonstrate that Creation's counsel stipulated to Patel's agency. The parties stipulated that Patel signed the construction contract. But

the stipulation does not demonstrate that Patel disclosed at the time of contracting that the tenant was someone other than Patel, or that Patel was acting as an agent for the tenant. In his reply brief Patel argues that the stipulation he relies upon "necessarily included the elements of disclosure and identity of the principal." But the stipulation does not reference agency or the identity of a principal.

We resolve Patel's third issue against him.

## CREATION'S CROSS-APPEAL

In two issues on cross-appeal Creation argues that the trial court erred when it denied its request for prejudgment interest. We agree and remand this case to the trial court.

In its first issue Creation argues that it was entitled to prejudgment interest under the Prompt Payment Act. *See* TEX. PROP. CODE ANN. § 28.004 (West 2000). Under the Prompt Payment Act, if an owner or an owner's agent does not pay a contractor within 35 days of the contractor's written request for payment of an amount that is allowed to the contractor under a construction contract, the contractor is entitled to prejudgment interest at the rate of 1.5% each month. *See id.* §§ 28.002, 28.004. Under the terms of the Prompt Payment Act, Creation argues that it is entitled to prejudgment interest at the rate of 1.5% each month on the $42,630.72 awarded to Creation under the terms of the contract.

In response, Patel argues that Creation was not entitled to prejudgment interest under the Prompt Payment Act because there was a good faith dispute about Creation's performance under the contract, and section 28.003(b) of the property code "clearly vitiates the prejudgment interest in the event of a good faith dispute about the work." We disagree with Patel. In the event of a good faith dispute about the amount owed for a payment requested by a contractor, section 28.003(b) allows the party disputing the payment to withhold from the payment no more than the amount in dispute.[1]

---

[1] In this case we note that Patel withheld more than the amount in dispute. Patel disputed the amount requested relating to oral change orders, not the amount due under the contract.

*Id.* § 28.003(b). "However, while section 28.003 allows a party to withhold prompt payment in the event of a good faith dispute, it does not exempt this withheld amount from accruing interest if the withholding party is ultimately found to be at fault for the breach." *Landmark Org., L.P. v. Dephini Constr. Co.*, No. 13-04-00371-CV, 2005 WL 2560022, at *5 (Tex. App.—Corpus Christi Oct. 13, 2005, pet. denied) (mem. op.).

Applying the law to the facts of this case, even if we assume, without deciding, that Patel adequately pleaded and proved that there was a good faith dispute about Creation's performance under the contract,[2] it would not relieve Patel of his obligation to pay prejudgment interest for the $42,630.72 that the trial court awarded to Creation under the terms of the contract. *See id.* We conclude that the trial court erred when it denied Creation's request for prejudgment interest under section 28.004. *See generally Gordon v. Leasman*, 365 S.W.3d 109, 118 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("Prejudgment interest [under the Prompt Payment Act] is recoverable as a matter of right when an ascertainable sum of money is found due and payable at a definite date before judgment."). As a result, we resolve Creation's first issue on cross-appeal in Creation's favor. And because we resolve Creation's first issue in its favor, we do not need to address its second issue in which it argues, in the alternative, that the trial court erred by not awarding prejudgment interest under the common law.

## CONCLUSION

We resolve Patel's issues against him. We resolve Creation's first issue on cross-appeal in favor of Creation and reverse the judgment insofar as it denied prejudgment interest to Creation.

---

[2] The parties disagree about whether Patel was required to plead a good faith dispute as an affirmative defense.

We remand this case to the trial court for further proceedings consistent with this opinion.

ELIZABETH LANG-MIERS
JUSTICE

110759F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLIE PATEL, Appellant and
Cross-Appellee

No. 05-11-00759-CV          V.

CREATION CONSTRUCTION, INC.,
Appellee and Cross-Appellant

Appeal from the 14th Judicial District Court
of Dallas County, Texas. (Tr.Ct.No. DC-09-
11363-A).
Opinion delivered by Justice Lang-Miers,
Justices O'Neill and FitzGerald
participating.

In accordance with this Court's opinion of this date, the trial court's final judgment is
**AFFIRMED** in part and **REVERSED** and **REMANDED** in part. The judgment is
**REVERSED** insofar as it denied prejudgment interest to appellee and cross-appellant Creation
Construction, Inc. and **REMANDED** to the trial court for further proceedings consistent with
this Court's opinion. The final judgment is **AFFIRMED** in all other respects. It is **ORDERED**
that appellee and cross-appellant Creation Construction, Inc. recover its costs of this appeal from
appellant and cross-appellee Charlie Patel.

Judgment entered February 27, 2013.

ELIZABETH LANG-MIERS
JUSTICE