COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| OEP HOLDINGS, LLC, | § | |
| MVT SERVICES, LLC, AND | | No. 08-18-00226-CV |
| MESILLA VALLEY | § | |
| TRANSPORTATION SOLUTIONS, | | Appeal from the |
| LLC, | § | |
| | | 327th District Court |
| Appellants, | § | |
| | | of El Paso County, Texas |
| v. | § | |
| | | (TC# 2017-DCV-3020) |
| JAVIER RODRIGUEZ, | § | |
| Appellee. | | |

## <u>MEMORANDUM OPINION</u>

This appeal is brought by three distinct but affiliated companies. (collectively, Appellants). OEP Holdings, LLC ("OEP"), is a licensed staff leasing company leasing employees to MVT Services, LLC ("MVT") and Mesilla Valley Transportation Solutions, LLC ("Mesilla Valley Transportation"). MVT and Mesilla Valley Transportation are trucking and transportation companies. By their leasing arrangement, Appellants employed Appellee Javier Rodriguez as a "Truck Washer/Detailer." Rodriguez filed suit against Appellants in which he alleged claims of employment discrimination in violation of Texas law. In response, Appellants generally denied Rodriguez' claims, asserted affirmative defenses, and made a demand for arbitration.

Appellants later filed a motion to stay proceedings and compel arbitration based on their

assertion that Rodriguez had signed two enforceable arbitration agreements. In a response filed shortly before the hearing set on Appellants' motion, Rodriguez argued against arbitration by asserting: (1) that, based on his assigned job duties, he was deemed a transportation worker who was exempt from the application of the Federal Arbitration Act (FAA); (2) that the purported arbitration agreement relevant to this claims was procedurally unenforceable given that he did not read English fluently, did not understand the documents, and they were not explained to him when he asked for an explanation; and (3) that the purported arbitration agreement was substantively unconscionable because it improperly attempted to limit legally-available remedies. Following a hearing without live testimony, the trial court entered an order denying Appellants' motion without specifying the grounds for its ruling. Appellants argue here that the trial court abused its discretion in denying the motion to compel arbitration because: (1) the trial court was obligated to hold a *Tipps* hearing[1] based on Appellants' hearing request; (2) Rodriguez did not qualify as a transportation worker under the FAA; and (3) the arbitration agreements at issue were not procedurally unconscionable. We affirm.

## I. BACKGROUND

Rodriguez filed a lawsuit against Appellants alleging he was unlawfully terminated on February 8, 2017, based on discrimination due to age and disability, or perceived disability. Appellants filed a motion to stay proceedings and compel arbitration based on two arbitration agreements Rodriguez had signed during his employment with Appellants. Appellants attached to their motion the two agreements signed by Rodriguez, an affidavit from Greg Ginger, Director of

---

[1] *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) (orig. proceeding) (describing the evidentiary hearing pertaining to the determination of a motion to compel arbitration).

Human Resources for OEP, and a formal job description signed by Rodriguez in which he acknowledged the duties that corresponded to his assigned position. By his affidavit, Ginger attested that Rodriguez was employed as a "Truck Washer/Detailer" at Mesilla Valley Transportation at all times relevant to the suit. Rodriguez' formal job description assigned tasks such as leading trucks through a wash bay, hand-cleaning certain parts or areas of the trucks, maintaining the grounds of the wash bay, ensuring that equipment on the truck was not missing, and reporting any truck damage to his supervisor. Additionally, the job description noted that "[o]ther duties may be assigned." Ginger further attested that the two separate, written agreements were signed by Rodriguez pursuant to a mandatory company policy as a condition of employment. Both agreements are printed in English. These agreements required that all claims and disputes arising from Rodriguez' employment, including discrimination claims based on age and disability, would be submitted to binding arbitration rather than to a court or jury. Rodriguez signed the first agreement in October 2014 and the second in January 2017.

The trial court set a hearing on Appellants' motion to compel arbitration for 1:30 p.m. on December 3, 2018. On the day of the hearing, at 12:52 p.m., Rodriguez filed his written response in opposition to the motion. Rodriguez attached to his response his own affidavit and portions of a transcript from the deposition taken of Greg Ginger. In his affidavit, Rodriguez acknowledged he had received the arbitration agreements. He further attested, however, that he did not read English fluently, he did not understand the documents, and he was not provided with any translation. Rodriguez attested that, "I asked what they were, and was told something like, they were if there was a problem with the company." Rodriguez stated further, "[t]he meaning of arbitration and the process were not explained to me." Yet, he also claimed he was told that he had

to sign the documents. As for the transcript included with the response, it showed that Ginger had testified that Rodriguez' personnel record did not reflect that he had received a Spanish version of the arbitration agreements.

The trial court proceeded to hold the scheduled hearing set on Appellants' motion. Counsel for Appellants reported he had just been handed a copy of Rodriguez' response and he had not yet had a chance to study it. Counsel added, "I don't have a problem with that. I'm not complaining . . . and kind of scanning through it, they're raising some issues that I believe are going to necessitate a Tipps hearing." Counsel discussed further the reasons why he believed such a hearing was necessary to address the grounds raised.

Counsel for Rodriguez responded by claiming, "this is the Tipps hearing. This is the hearing that the Court set for the evidentiary hearing on their motion to compel arbitration. . . . They attached affidavits to their motion. I questioned the witness under oath." Addressing the grounds of his opposition, Rodriguez' counsel then argued that the transportation exception applied to exempt Rodriguez, that the agreement at issue was procedurally unconscionable due to Rodriguez being a Spanish speaker, and that the agreement was unconscionable "because it excludes certain remedies that the law provides; specifically, exemplary and punitive damages." Appellants' counsel responded to the argument by reiterating that he had no complaint about Rodriguez' late filing of his response as long as an evidentiary hearing was held to enable him to explore with Rodriguez the issues raised by his affidavit and response.

Next, the trial court queried about what additional evidence Appellants would be able to offer at such a hearing and counsel further responded as follows:

[Trial Court]: So I guess my question is: What more would Mr. Ginger add to what he's already put into his affidavit?

4

| [Appellants' Counsel]: | I'm not saying Mr. Ginger would be the only witness we'd call to testify. For example, Mr. Rodriguez could testify. |
|---|---|
| | And I will say this: **I'll concede to the Court and to their point, if the Court believes -- it's up to the Judge – that you don't need to hear any additional facts and you believe what you have in front [of you] is necessary to make the determination, you certainly can.** It's just my position that we should be allowed the Tipps hearing. [Emphasis added]. |

Commenting on the "very thorough" job of Appellants' counsel, the trial court then stated that it was ready to make a ruling with the evidence presented through the parties' filings. Thereafter, the trial court denied the motion to compel arbitration. Appellants' counsel then asked for the trial court to "enter the reason for the ruling." The trial court responded that it was denying the motion based on two reasons: (1) that Rodriguez fell into the transportation-worker exemption under the FAA; and (2) that the arbitration agreements were procedurally unconscionable.

Days later, the trial court entered its written order denying the motion to compel arbitration. The order's recitations consisted of the following in their entirety:

> CAME ON TO BE CONSIDERED, *Defendants' Motion to Compel Arbitration* which was filed in the above-entitled and captioned cause. After reviewing the pleadings on file, hearing all the evidence, and arguments of counsel, the Court is of the opinion that Defendant's Motion should be **DENIED**.
>
> **IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** that *Defendants' Motion to Compel Arbitration* be and the same is hereby **DENIED**. [All emphasis in original].

Appellants thereafter timely filed their notice of appeal.

## II. STANDARD OF REVIEW AND RELEVANT LAW

We review a trial court's decision to grant or deny a motion to compel arbitration for an abuse of discretion. *ReadyOne Indus., Inc. v. Lopez*, 551 S.W.3d 305, 310 (Tex. App.—El Paso

5

2018, pet. denied); *Delfingen US-Texas, L.P. v. Valenzuela*, 407 S.W.3d 791, 800 (Tex. App.—El Paso 2013, no pet.). We defer to a trial court's factual determinations if they are supported by the evidence, but we review a trial court's legal determinations de novo. *ReadyOne*, 551 S.W.3d at 310; *Delfingen*, 407 S.W.3d at 798.

A party seeking to compel arbitration must (1) establish the existence of a valid arbitration agreement; and (2) show that the claims asserted are within the scope of the agreement. *See In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 605 (Tex. 2005); *Delfingen*, 407 S.W.3d at 797. We apply state contract principles to determine whether a valid arbitration agreement exists. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003); *Delfingen*, 407 S.W.3d at 797. Once the party seeking to compel arbitration proves that a valid arbitration agreement exists, a presumption attaches favoring arbitration and the burden shifts to the party resisting arbitration to establish a defense to enforcement. *Delfingen*, 407 S.W.3d at 797. In the context of enforcement, defenses refer to unconscionability, duress, fraudulent inducement, and revocation. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 756 (Tex. 2001); *Delfingen*, 407 S.W.3d at 797. Because the law favors arbitration, the burden of proving a defense to arbitration is on the party opposing it. *IHS Acquisition No. 171, Inc. v. Beatty-Ortiz*, 387 S.W.3d 799, 810 (Tex. App.—El Paso 2012, no pet.) (citing *J.M. Davidson*, 128 S.W.3d at 227). Because the trial court here did not enter specific findings of fact or conclusions of law to explain its denial of the motion to compel arbitration, we must uphold the trial court's decision on any appropriate legal theory urged below. *Shamrock Foods Co. v. Munn & Assocs., Ltd.*, 392 S.W.3d 839, 844 (Tex. App.—Texarkana 2013, no pet.); *Inland Sea, Inc. v. Castro*, 420 S.W.3d 55, 57-59 (Tex. App.—El Paso 2012, pet. denied) (affirming denial of motion to compel arbitration on alternative ground where order did not specify

the basis for the ruling).

## III. DISCUSSION

In narrative form, Appellants assert two identifiable issues in the issues presented section of their opening brief. Appellants argue in that portion of its brief that the arbitration agreements are enforceable against Rodriguez because (1) the evidence established that Rodriguez did not qualify as a transportation worker under the FAA; and (2) that illiteracy alone is insufficient to establish that an arbitration agreement is unconscionable. In the summary of the argument section, however, Appellants additionally argue that the trial court abused its discretion by denying Appellants' request for a *Tipps* hearing to question Rodriguez about whether he worked additional duties aside from the ones listed in his Truck Washer/Detailer job description, as he had claimed in his affidavit attached to his response. Lastly, in the body of the brief itself, Appellants argue three grounds on the merits: (1) that the trial court erred in denying its request for a *Tipps* hearing; (2) that Rodriguez' job as a Truck Washer/Detailer was so attenuated from interstate commerce that he did not qualify as a transportation worker under the exclusion of the FAA; and (3) the arbitration agreements were not procedurally unconscionable.

By his response brief, Rodriguez first asserts that we must uphold the trial court's ruling because Appellants did not challenge all the grounds that could have supported the trial court's order. Next, he claims that Appellants' argument that the trial court denied a *Tipps* hearing provides no basis for reversal. Lastly, on the merits of the ruling itself, Rodriguez argues that the trial court did not err because: (1) the transportation-worker exception applied to Rodriguez; (2) the arbitration agreements were procedurally unconscionable; and (3) the arbitration agreements were substantively unconscionable.

7

We begin with the procedural arguments; namely, Appellants' argument questioning the adequacy of the trial court's hearing; and Rodriguez' argument asserting that Appellants' waived error by not challenging all grounds that could have supported the trial court's order.

## A. The Hearing

In their first[2] procedural argument, Appellants assert that the trial court erred by failing to hold a *Tipps* hearing prior to ruling on their motion to arbitrate. Rodriguez responds that there is no reversible error here because: (1) any possible error was invited when Appellants' counsel told the trial judge she had discretion to rule on the basis of the materials before her; and (2) the hearing that was held on the motion to arbitrate otherwise qualified as a *Tipps* hearing. Rodriguez responds that Appellants invited error by informing the trial court it had discretion to rule based on submitted materials and Appellants chose to present no evidence when the hearing was called. On review of the record, we agree with Rodriguez.

### 1) Procedure to Trigger a *Tipps* Hearing

Motions to compel arbitration are ordinarily decided in summary proceedings on the basis of affidavits, pleadings, discovery, and stipulations. *Kmart Stores of Tex., L.L.C. v. Ramirez*, 510 S.W.3d 559, 565 (Tex. App.—El Paso 2016, pet. denied). A summary motion to compel arbitration is essentially a motion for partial summary judgment and is subject to the same evidentiary standards. *Id*. But the trial court must forego summary disposition and hold an evidentiary hearing where, after a party seeking to compel arbitration provides competent, prima facie evidence of an

---

[2] Appellants' opening brief presents a section of argument titled, "The Trial Court Erred and Abused Its Discretion in Denying Appellants' *Tipps* Hearing Request." As noted by Rodriguez, this argument is not otherwise included in the issues presented for review section of Appellants' brief. Rule 38.1(f) requires a brief to "state concisely all issues or points presented for review," TEX. R. APP. P. 38.1(f). Because Appellants present their complaint with appropriate citation to authorities and to the record, we construe the brief liberally and consider the argument as having been raised by Appellants in substantial compliance with briefing requirements. *See* TEX. R. APP. P. 38.9.

arbitration agreement, the party seeking to resist arbitration contests the agreement's existence and raises genuine issues of material fact by presenting affidavits or other such evidence as would generally be admissible in a summary proceeding. *Id.* This evidentiary forum is called a "*Tipps* hearing." *Id.*; *see also Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992) (establishing, as a matter of first impression in Texas, the circumstance in which the trial court must conduct an evidentiary hearing to determine the disputed material facts bearing on a motion to compel arbitration).

### 2) Invited Error Doctrine

The doctrine of invited error provides that a party may not complain of an error which the party has invited. *Berry v. Segall*, 315 S.W.3d 141, 143 (Tex. App.—El Paso 2010, no pet.) (citing *In re Dep't of Family and Prot. Serv.*, 273 S.W.3d 637, 646 (Tex. 2009)). Nor may a party ask something of the trial court and then complain that the court erred in granting the relief sought. *Berry*, 315 S.W.3d at 144. Similarly, a party may not argue a theory on appeal that is different from that presented to the trial court. *See id.* (holding that appellant who argued at trial that a particular issue should be determined as a matter of law by the court could not on appeal assert that the court should have submitted the issue to the jury); *Furnace v. Furnace*, 783 S.W.2d 682, 684 (Tex. App.—Houston [14th Dist.] 1989, writ dism'd w.o.j.) (holding that appellant who argued at trial that trust agreement was ambiguous and should go to jury for interpretation could not on appeal assert that the trust agreement was unambiguous and should be interpreted as a matter of law).

### 3) Application

Our record of the motion to compel hearing shows that, even though Appellants

commented, they declined to lodge any complaint about the tardiness of Rodriguez' late-filed response, but nonetheless, requested a *Tipps* hearing due to the content of the response. However, during counsel's discussion with the court regarding additional evidence that might be offered at such hearing, counsel further added, "I'll concede to the Court and to their point, if the Court believes -- it's up to the Judge -- that you don't need to hear any additional facts and you believe what you have in front [of you] is necessary to make the determination, you certainly can." Although counsel subsequently stated, "[i]t's just my position that we should be allowed the Tipps hearing," this later statement does not withdraw nor repudiate the immediately preceding concession made to the court on the matter of whether a *Tipps* hearing was necessary. We hold that any error in the failure to hold a *Tipps* hearing was invited and cannot be asserted on appeal where counsel conceded the issue by informing the court that it could certainly determine the arbitration issue without a *Tipps* hearing. *See Berry*, 315 S.W.3d at 144; *Furnace*, 783 S.W.2d at 684.

Therefore, we overrule Appellants' first argument challenging the nature of the hearing held by the trial court.[3]

## B. Requirement of Challenging Every Ground that Could Support an Adverse Ruling

We next address Rodriguez' claim that Appellants failed to challenge all grounds that could have supported the trial court's order. Rodriguez argues that he responded to the motion to compel

---

[3] Without expressly holding so, we note that the trial court may very well have been within its discretion to rule that a *Tipps* hearing was not necessary here. Observing the "very thorough" job done by Appellants' counsel, the trial court indeed appeared to believe that the issues were fully fleshed out by the submission of evidence before the court. And the determination of whether a *Tipps* hearing is necessary in any given case appears to be, in the first instance, subject to some analysis by the trial court as to whether the material facts weighing on an issue are in dispute. *See Tipps*, 842 S.W.2d at 269 (holding that an evidentiary hearing must be conducted for the trial court to determine the disputed material facts only if the material facts necessary to determine the issue are controverted); *Ramirez*, 510 S.W.3d at 565 (same).

arbitration by asserting, among other grounds, that the arbitration agreement was substantively unconscionable due to its provision restricting the recovery of legally-available remedies. *See In re Poly-America, L.P*., 262 S.W.3d 337, 352 (Tex. 2008) (quoting *Gilmer v. Interstate/Johnson Lane Corp*., 500 U.S. 20, 26 (1991)) ("By agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial forum.") He further claims that this limitation of remedies provision was not severable, but part of the overall purpose of the document, and therefore a basis for denying arbitration by itself. In sum, Rodriguez argues that Appellants' failure to challenge this alternative basis for the trial court's ruling requires affirmance of the trial court's general order.

### 1) Applicable Law

An appellate court must affirm a trial court's judgment or order unless we are shown reversible error. *See* TEX. R. APP. P. 44.1(a). To obtain reversal, appellants must have preserved error in the trial court, timely appealed from the court's order or judgment, and properly asserted the issues on appeal. *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (citing TEX. R. APP. P. 25.1(d), 33.1, and 38.1(f)). An appellant must challenge each independent ground that may support an adverse ruling. *U.S. Lawns, Inc. v. Castillo*, 347 S.W.3d 844, 848 (Tex. App.—Corpus Christi 2011, pet. denied) (finding waiver on appeal in a case involving a denial of motion to compel arbitration); *see also Fox v. Maguire,* 224 S.W.3d 304, 307 (Tex. App.—El Paso 2005, pet. denied) (applying this rule in a case involving a plea to the jurisdiction). Thus, if the appellant fails to attack all possible grounds, we must affirm the judgment on the unchallenged ground. *U.S. Lawns*, 347 S.W.3d at 848.

Where an order does not specify the grounds on which it is based, the appealing party must

11

show that each independent ground alleged to the trial court by the prevailing party is insufficient to support the order. *See In re Elamex, S.A. de C.V.*, 367 S.W.3d 879, 888 (Tex. App.—El Paso 2012, orig. proceeding); *U.S. Lawns,* 347 S.W.3d at 848. The grounds upon which such a general order can be upheld will not be limited even by express pronouncements from the trial court at a hearing explaining its rationale. *See In re Elamex*, 367 S.W.3d at 888, 888 n.8 (where this Court rejected relators' contention that we must accept oral statements from the bench as the trial court's basis for its ruling and held that relators did not satisfy their burden of attacking each independent ground that could have supported the trial court's general order denying relators' motion); *Capital Fin. & Commerce AG v. Sinopec Overseas Oil & Gas, Ltd.*, 260 S.W.3d 67, 84 n. 21 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (holding that recitals in a judgment or signed order of the court control over expressly-made but conflicting recitals from the trial court in the record); *Interest of N.A. F.*, No. 05-17-00470-CV, 2019 WL 516715, at *7 (Tex. App.—Dallas Feb. 11, 2019, no pet.) (mem. op.) (affirming the trial court's general order that there was no informal marriage where, even though the trial court stated at the close of trial that the evidence proved the element of an agreement to be married, appellant did not challenge in her legal-sufficiency complaint on appeal the element of an agreement to be married and where insufficient evidence on that element alone would have supported the trial court's order); *see also RayMax Mgmt., L.P. v. Am. Tower Corp.*, No. 02-15-00298-CV, 2016 WL 4248041, at *3 n.9 (Tex. App.—Fort Worth Aug. 11, 2016, pet. denied) (mem. op.) (adhering to the rule that a reviewing court may look only to the court's order to determine the court's reasons for its ruling and refusing to consider "letter ruling" issued to the parties before the trial court signed the summary-judgment order, even where the trial court specified the exact reasons for its ruling in the letter).

### 2) Law on Unconscionability

Agreements to arbitrate disputes between employers and employees are generally enforceable. *In re Poly-America, L.P.*, 262 S.W.3d 337, 348 (Tex. 2008). "Unconscionable contracts, however—whether relating to arbitration or not—are unenforceable under Texas law." *Id.* Thus, an arbitration agreement is invalid if it is unconscionable. *See In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677-79 (Tex. 2006); *In re Halliburton*, 80 S.W.3d 566, 572 (Tex. 2002). Unconscionability of an arbitration agreement may exist in one of two forms: (1) procedural unconscionability, which refers to the circumstances surrounding the adoption of the arbitration provision; and (2) substantive unconscionability, which refers to the fairness of the arbitration provision itself. *Halliburton*, 80 S.W.3d at 572 ("We therefore clarify that courts may consider both procedural and substantive unconscionability of an arbitration clause in evaluating the validity of an arbitration provision."); *ReadyOne*, 551 S.W.3d at 314.

### 3) Application

Here, the trial court's order denying Appellants' motion to compel arbitration was a general order that did not specify the grounds upon which the court's ruling was based. Simply, the order recited that it considered Appellants' motion and that "[a]fter reviewing the pleadings on file, hearing all the evidence, and arguments of counsel, the Court is of the opinion that [Appellants'] Motion should be **DENIED**." Plainly, there is no explication of the bases or grounds of the court's ruling. Therefore, the burden fell on Appellants to show by their appeal that each independent ground alleged to the trial court by the prevailing party was insufficient to support the court's order. *See In re Elamex*, 367 S.W.3d at 888; *U.S. Lawns*, 347 S.W.3d at 848.

In this appeal, Appellants do not challenge the ground of substantive unconscionability that

was raised by Rodriguez in opposition to the motion for arbitration. In addition to his written response, Rodriguez argued below that the agreement was unconscionable because "it excludes certain remedies that the law provides; specifically, exemplary and punitive damages." Nonetheless, after the trial court ruled from the bench, Appellants' counsel asked, "Is it because you find [Rodriguez] to be a transportation worker?" Responding, the trial court confirmed it had concluded from the affidavits and job description that Rodriguez fell into the exemption and that his inability to speak the English language rendered the agreement unconscionable. Despite this pronouncement, the trial court did not individually recite the bases for its ruling in the order that followed which denied the motion to compel arbitration. And we are prohibited from looking to express pronouncements from the trial court at a hearing to limit the possible grounds upon which a trial court's order can be upheld. *See In re Elamex*, 367 S.W.3d at 888, 888 n.8; *Capital Fin.*, 260 S.W.3d at 84 n.21; *Interest of N.A. F.*, 2019 WL 516715, at \*7; *see also RayMax*, 2016 WL 4248041, at \*3 n.9.

Thus, in this instance, we must accept the validity of the unchallenged ground of substantive unconscionability and affirm the trial court's ruling. *See RSL Funding*, 499 S.W.3d at 434; *Malooly Bros.*, 461 S.W.2d at 121. Although the results of this rule can be harsh, the rule has its roots in the sound policy of allowing appellate courts and their litigants to look only to a single place to determine why the trial court granted an order, rather than requiring these parties to parse other documents to determine the bases of an order. *See Strather v. Dolgencorp of Tex., Inc.*, 96 S.W.3d 420, 426 (Tex. App.—Texarkana 2002, no pet.) (op. on reh'g) (in the summary-judgment context, recognizing potential harshness of the rule requiring a reviewing court to look only to an order granting summary judgment to determine the trial court's reasons for ruling but also

14

observing its "fairly sound policy basis": "[I]t gives litigants and appellate courts a single place to look to determine why the trial court granted summary judgment. We thus are not forced to parse statements made in letters to the parties, at hearings on motions for summary judgment, on docket notations, and/or in other places in the record."). Because Appellants failed to challenge a ground that may have been the basis for the trial court's denial of their motion to compel arbitration—namely, whether the arbitration agreement at issue was substantively unconscionable—that issue has been waived on appeal and remains a lawful basis that supports the court's ruling. *See U.S. Lawns,* 347 S.W.3d at 848; *Fox,* 224 S.W.3d at 307. We therefore conclude that the trial court did not err in denying Appellants' motion to compel arbitration.

We overrule all issues presented for review without necessity of reaching the merits of the issues.

## IV. CONCLUSION

Accordingly, we affirm the trial court's order denying Appellants' motion to compel arbitration.

GINA M. PALAFOX, Justice

September 30, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

15