Sierra-final 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-306-CV





AUSTIN TRANSPORTATION STUDY POLICY ADVISORY COMMITTEE AND


STATE DEPARTMENT OF HIGHWAYS AND PUBLIC


TRANSPORTATION,



 
 APPELLANTS


vs.





THE SIERRA CLUB, SAVE BARTON CREEK ASSOCIATION,


ALLANDALE NEIGHBORHOOD ASSOCIATION, TEXAS ASSOCIATION FOR PUBLIC 
TRANSPORTATION AND KOENIG LANE BUSINESS ASSOCIATION,


 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT



NO. 404,930, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING



 





 Austin Transportation Study Policy Advisory Committee ("ATSPAC") and the State
Department of Highways and Public Transportation (1) ("SDHPT") appeal an award of attorney's
fees and costs under the open meetings act. We will affirm the judgment of the trial court.



BACKGROUND


 This appeal is the latest chapter in a long fought battle over transportation planning
for the Austin area which has pitted neighborhoods, local business, and environmental groups against the planning board and other governmental entities. A summary of the facts
leading to this dispute aides an understanding of the context of this appeal.

 In 1984, by mutual agreement, the State of Texas, the City of Austin (the "City"),
and Travis County, Texas (the "County"), organized ATSPAC. Subsequently, ATSPAC was
designated as a "Metropolitan Planning Organization" pursuant to the requirements for federal
highway funding. See Federal-Aid Highway Act of 1962, Pub. L. No. 87-866, § 9(a), 76 Stat.
1145, 1148, amended by Federal-Aid Highway Act of 1970, Pub. L. No. 91-605, § 143, 84 Stat.
1713, 1737, amended by Federal-Aid Highway Act of 1978, Pub. L. No. 95-599, § 169, 92 Stat.
2689, 2723 (23 U.S.C. § 134, since amended). The primary function of ATSPAC is the drafting
of planning documents for submission to the federal government in connection with applications
for federal highway funding. During 1986, ATSPAC adopted several plans and documents
pursuant to this function. For varied reasons, the appellees, The Sierra Club, Save Barton Creek
Association, Allandale Neighborhood Association, Texas Association for Public Transportation,
and Koenig Lane Business Association, (collectively, "the Sierra Club") opposed the proposals
set out in these documents.

 The Sierra Club became aware that ATSPAC, in the course of adopting the
planning documents, had failed to comply fully with the notice provisions of the open meetings
act, Tex. Rev. Civ. Stat. Ann. art. 6252-17 (West 1970 & Supp. 1992) ("the Act"). The Sierra
Club filed suit against ATSPAC seeking a declaratory judgment that the Act applied to ATSPAC
and injunctive relief to set aside any actions taken in violation of the Act. Later, the Sierra Club
joined the City, the County, SDHPT, and other governmental entities as defendants. On
ATSPAC's motion, the trial court rendered a summary judgment dismissing the cause on the
grounds that ATSPAC was not a "governmental body" and was not subject to the requirements
of the Act. By the same order, the trial court dismissed the lawsuit against the City, the County,
SDHPT, and the other governmental entities. However, the dismissal as to these parties was
without prejudice to Sierra Club's right to refile. On appeal, this Court determined that ATSPAC
was a "special district" as defined in section 3A(f) of the Act, and thus was subject to compliance
with its provisions; we remanded the cause for trial. See Sierra Club v. Austin Transp. Study
Policy Advisory Comm., 746 S.W.2d 298 (Tex. App.--Austin 1988, writ denied).

 During the pendency of the first appeal, the Texas Legislature amended the Act to
provide an award of attorney's fees for a substantially prevailing party. (2) The amendment became
effective August 31, 1987. Act of June 18, 1987, 70th Leg., R.S., ch. 549, § 7, 1987 Tex. Gen.
Laws 2211, 2214. Under this amendment, three inquiries were relevant to an award of attorney's
fees -- whether the party had substantially prevailed in the litigation, whether the suit was bought
in good faith, and whether the governmental body's conduct had a reasonable basis in law. After
the case was remanded, the Sierra amended its petition to include a prayer for attorney's fees
under section 3(b) and again joined the City, the County, and SDHPT to the suit. 

 The Sierra Club then moved for a partial summary judgment to determine whether
ATSPAC violated the Act in the conduct of its meetings. The Sierra Club asked for injunctive
relief and for attorney's fees under section 3(b) of the Act and the Uniform Declaratory Judgments
Act, Tex. Civ. Prac. & Rem. Code § 37.009 (West 1986). After a hearing on December 8, 1990,
the trial court granted the Sierra Club's motion for partial summary judgment in part and denied
defendants' cross-motions for summary judgment. The trial court's decision was announced, by
letter addressed to counsel and filed with the district clerk, on January 10, 1990. However, due
to disagreements on the wording of the order, a written order of the partial summary judgment
was not signed until March 20, 1990. The trial court held that ATSPAC had not fully complied
with the Act on thirty-three occasions; that the actions taken at those meetings had been properly
validated at a subsequent meeting held in compliance with the Act, thereby mooting the Sierra
Club's claims for injunctive relief; that injunctive relief was denied; and that the Sierra Club "had
substantially prevailed in this litigation and that it is equitable and just to award [the Sierra Club]
reasonable and necessary attorney's fees and costs in this case." (Emphasis added). The court's
partial summary judgment held the defendants, ATSPAC, SDHPT, the County, and the City,
jointly and severally liable for attorney's fees and costs. The parties did not present evidence on
the amount of fees. Accordingly, the trial court left the amount of fees for determination by
further proceedings.

 After attempting to negotiate the amount of attorney's fees, the Sierra Club moved
for a summary judgment to determine the amount. Defendants opposed the motion on the ground
that the factors set out in section 3(b) were jury questions, and thus, were not proper for
determination by summary judgment. The trial court denied the motion for summary judgment. 

 The Sierra Club filed a second motion for partial summary judgment urging the
court to determine as a matter of law the issues of the Sierra Club's good faith and ATSPAC's
reasonable basis in law. Defendants successfully opposed this motion, and the matter proceeded
ultimately to a two-week jury trial. At defendants' insistence, the trial court submitted all the
issues pertinent to an award of attorney's fees under section 3(b) to the jury. The jury found: that
(1) the Sierra Club had substantially prevailed in the litigation; (2) the Sierra Club had brought
the suit in good faith; (3) ATSPAC's conduct did not have a reasonable basis in law; and (4) the
Sierra Club was entitled to an award of reasonable attorney's fees and costs totalling $146,300
through the entry of judgment. The jury also made findings of reasonable attorney's fees for each
step up the appellate ladder.

 After the verdict, the City and the County reached settlements with the Sierra Club
and were dismissed from the cause before the rendition of judgment. ATSPAC and SDHPT each
filed motions to disregard the jury finding and for judgment non obstante veredicto. The trial
court rendered a final judgment in accordance with the jury findings holding ATSPAC and
SDHPT jointly and severally liable for the attorney's fees. Defendants filed motions for a new
trial and motions for a remittitur of the attorney's fees award. The trial court denied each of these
motions. In the order denying the motions, however, the trial court stated its own findings on the
issues. The trial court found, contrary to the jury findings, that ATSPAC's conduct had a
reasonable basis in law. The trial court agreed with the other jury findings and held that the
amount of the award was a jury question. To avoid the necessity of a retrial if it were determined
on appeal that the issue of the amount of fees under section 3(b) was for determination by the
court, the trial court rendered a conditional finding that $102,550 was a reasonable amount of
attorney's fees. However, the trial court did not modify the judgment previously rendered on the
jury findings.

 ATSPAC appeals the judgment on twelve points of error and SDHPT brings four
additional points of error.



DISCUSSION AND HOLDING


Retrospective Application of Statute


 In ATSPAC's first point of error and SDHPT's fourth point of error, each argue
that the attorney's-fee provisions of section 3(b) of the Act cannot be applied retrospectively. This
section became effective August 31, 1987. Appellants argue that this section cannot be applied
to award attorney's fees in an action based on violations of the Act occurring before that date. 
Appellants argue that a retrospective application of section 3(b) to this case would violate article
I, section 16 of the Texas Constitution. (3) See Ex parte Abell, 613 S.W.2d 454 (Tex. 1981);
Government Personnel Mut. Life Ins. Co. v. Wear, 251 S.W.2d 525 (Tex. 1952); Houston Indep.
Sch. Dist. v. Houston Chronicle, 798 S.W.2d 580 (Tex. App.--Houston [14th Dist. 1990, writ
denied); International Sec. Life Ins. Co. v. Mass, 458 S.W.2d 484 (Tex. Civ. App.--Houston [1st
Dist.] 1970, writ ref'd n.r.e.). 

 The parties disagree as to whether any of ATSPAC's violations of the Act occurred
after the effective date of the attorney's-fees provisions. While the record reflects that several
ATSPAC meetings were held in violation of the Act after August 31, 1987, all of the substantive
actions that the Sierra Club sought to have set aside were taken at meetings before that date.

 The chronology of the violations, however, is not important to the resolution of this
point. ATSPAC first raised the issue of the retrospective application of section 3(b) in its first
supplemental answer, filed March 2, 1990, and SDHPT first raised the issue in its motion to
disregard the jury findings and for judgment non obstante veredicto, filed January 11, 1991. Each
of these were filed after the date of the hearing on the Sierra Club's first motion for partial
summary judgment, December 8, 1989.

 The trial court rendered a partial summary judgment on March 20, 1990, holding
that the Sierra Club had substantially prevailed in the litigation and was entitled to an award of
reasonable attorney's fees. Neither ATSPAC nor SDHPT had filed a pleading raising the
constitutional issue at the time of the hearing. See Tex. R. Civ. P. 166-A. Pleadings may be
amended within seven days of trial or thereafter only upon leave of court. Tex. R. Civ. P. 63. 
A summary judgment hearing is a trial for purposes of Rule 63. Energo Int'l Corp. v. Modern
Indus. Heating, Inc., 722 S.W.2d 149, 151 (Tex. App.--Dallas 1986, no writ); Leche v. Stautz,
386 S.W.2d 872, 873 (Tex. Civ. App.--Austin 1965, writ ref'd n.r.e.).

 The record does not reflect any attempt by ATSPAC to obtain leave of court to file
its amended pleading after the hearing. Therefore, ATSPAC's first supplemental answer filed
after the hearing was not properly on file at the time of the hearing. Tex. R. Civ. P. 63; Claude
Regis Vargo Enter., Inc. v. Bacarrisse, 578 S.W.2d 524, 528-29 (Tex. Civ. App.--Houston [14th
Dist.] 1979, writ ref'd n.r.e.); Energo, 722 S.W.2d at 151.

 A constitutional challenge to a statute is an affirmative defense that must be pleaded
to avoid waiver. Tex. R. Civ. P. 94; Leckey v. Warren, 635 S.W.2d 752, 753 (Tex. App.--Corpus
Christi 1982, no writ); United States Reading Lab., Inc. v. Brockette, 551 S.W.2d 531, 532-33
(Tex. Civ. App.--Austin 1977, no writ); City of S. Houston v. Sears, 488 S.W.2d 169, 173-74
(Tex. Civ. App.--Houston [14th Dist.] 1972, no writ). By failing to properly plead this issue
before the rendition of the partial summary judgment, ATSPAC and SDHPT waived the
constitutional challenge. See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979); Energo, 722 S.W.2d at 151. Accordingly, we overrule ATSPAC's first point of
error and SDHPT's fourth point of error.



Res Judicata and Collateral Estoppel


 In its second point of error, ATSPAC argues that the doctrines of collateral
estoppel and res judicata bar the attorney's fees issues because of the dismissal of a related case
in federal court. ATSPAC first raised these issues in its motion to disregard jury findings and for
judgment non obstante veredicto. The doctrines of res judicata and collateral estoppel are
affirmative defenses that are waived unless affirmatively pleaded. Tex. R. Civ. P. 94; Traweek
v. Larkin, 708 S.W.2d 942, 945 (Tex. App--Tyler 1986, writ ref'd n.r.e.); City of Houston v.
Houston Chronicle, 673 S.W.2d 316, 321 (Tex. App.--Houston [1st Dist.] 1986, no writ); Green
v. Doakes, 593 S.W.2d 762, 764 (Tex. Civ. App.--Houston [1st Dist.] 1979, no writ). ATSPAC
has waived these defenses by failing to raise them in its pleadings. Therefore, we overrule
ATSPAC's second point of error.



Sufficiency of the Evidence


 In its seventh point of error, ATSPAC argues that the trial court erred in holding
as a matter of law that the Sierra Club had substantially prevailed even though no injunctive relief
was granted and none of the actions of ATSPAC were set aside. In its ninth point of error,
ATSPAC argues that the trial court erred in holding as a matter of law that the Sierra Club had
brought the action in good faith even though some of the Sierra Club's representatives had
received actual notice of ATSPAC meetings, had appeared, and had participated in those
meetings. The wording of these points of error is confusing as these issues were resolved by the
jury findings. These points appear to challenge the legal sufficiency of the evidence to support
the jury findings. Assuming the Sierra Club had the burden of proof to establish all issues relative
to attorney's fees, we shall consider these points as no-evidence points. In deciding a no-evidence
point, we must consider only the evidence and inferences tending to support the finding of the
trier of fact and disregard all evidence and inferences to the contrary. Alm v. Aluminum Co. of
Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 111 S. Ct. 135 (1990); Garza v. Alviar,
395 S.W.2d 821, 823 (Tex. 1965). See generally William Powers, Jr. & Jack Ratliff, Another
Look at "No Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515 (1991).

 If points seven and nine complain that the court erred in not granting ATSPAC's
motion to disregard the jury findings and for judgment non obstante veredicto, the test is
essentially the same. For a trial court to disregard a jury's findings and to grant a motion for
judgment non obstante veredicto, "it must be determined that there is no evidence upon which the
jury could have made the findings relied upon." Exxon Corp. v. Quinn, 726 S.W.2d 17, 19 (Tex.
1987); Navarette v. Temple Indep. Sch. Dist., 706 S.W.2d 308, 309 (Tex. 1986). We review the
record in the light most favorable to the jury findings, considering only the evidence and
inferences that support them and rejecting the evidence and inferences contrary to the findings. 
Navarette, 706 S.W.2d at 309.

 The Sierra Club presented evidence at trial by live testimony, deposition testimony,
and documentation. We have reviewed the record and conclude that some evidence exists to
support the jury findings that the Sierra Club brought the suit in good faith and substantially
prevailed. Therefore, we overrule ATSPAC's seventh and ninth points of error. Additionally,
if these points complain of the submission of these issues to the jury, they are barred by the
doctrines of invited error and waiver, as discussed below.

 In its third, sixth, and eighth points of error, ATSPAC challenges the factual
sufficiency of the evidence supporting the jury findings that (1) ATSPAC's conduct did not have
a reasonable basis in law; (2) the Sierra Club substantially prevailed in the litigation; and (3) the
Sierra Club brought the suit in good faith. When reviewing a jury verdict to determine the factual
sufficiency of the evidence, we must consider and weigh all the evidence and should set aside the
judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re Estate of King, 244
S.W.2d 660, 661 (Tex. 1951); see also Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex. 1986);
see generally Powers, & Ratliff, supra. In this case, the record reflects significant evidence to
support each of the jury findings. In the course of the two-week trial, the Sierra Club presented
evidence on each element of section 3(b). We conclude that the jury findings are not so contrary
to the overwhelming weight of the evidence as to be manifestly unjust. Accordingly, we overrule
ATSPAC's points of error numbers three, six, and eight.



Failure to Modify Judgment


 In its fourth and fifth points of error, ATSPAC argues that the trial court erred in
failing to render judgment based on the court's independent findings that ATSPAC's actions had
a reasonable basis in law and that a smaller amount of fees should be awarded. Both sides have
extensively discussed the proper procedure in dividing the attorney's fees issues between the judge
and the jury under the Act, in light of the decision in Donwerth v. Preston II Chrysler-Dodge,
Inc., 775 S.W.2d 634 (Tex. 1989). However, we need not address that issue to dispose of these
points. Appellants are barred from complaining of the submission of these issues to the jury by
the doctrines of invited error and waiver.

 At trial, ATSPAC and SDHPT requested jury findings on the four issues related
to an award of attorney's fees under section 3(b): (1) whether the Sierra Club substantially
prevailed in the litigation; (2) whether ATSPAC's actions had a reasonable basis in law; (3)
whether the Sierra Club brought the suit in good faith; and (4) what was a reasonable amount of
attorney's fees. These issues were submitted to the jury and the trial court rendered judgment
based upon the jury's findings. Essentially, ATSPAC argues that the trial court erred in
submitting these issues to the jury, as ATSPAC requested.

 ATSPAC contended below that all the relevant issues must be submitted to the jury. 
It now argues that the court must make the threshold determinations. A party may not request that
the trial court take a particular action and then complain on appeal that the court committed error
in granting its request. Northeast Tex. Motor Lines, Inc. v. Hodges, 158 S.W.2d 487, 488 (Tex.
1942). A party may not argue a theory on appeal that is different from that presented to the court
below. Furnace v. Furnace, 783 S.W.2d 682, 684 (Tex. App.--Houston [14th Dist.] 1989, writ
dism'd w.o.j.) (holding that appellant who argued at trial that trust agreement was ambiguous and
should go to jury for interpretation could not on appeal asserted that the trust agreement was
unambiguous and should be interpreted as a matter of law). A party who requested the submission
cannot urge an error in submitting an issue to the jury. Corpus Christi Nat'l Bank v. Gerdes, 551
S.W.2d 521, 525 (Tex. Civ. App.--Corpus Christi 1977, writ ref'd n.r.e.) (holding that bank
which requested submission of trustee compensation and attorney's fees issues to jury could not
complain on appeal that these were issues for the trial judge). Because ATSPAC's complaint on
the submission of these issues to the jury is barred, we overrule its fourth and fifth points of error.



Limited Remand


 In its tenth point of error, ATSPAC argues that this Court's remand of this cause
on the first appeal was limited to a trial on ATSPAC's compliance with the Act, and, thus,
attorney's fees could not properly be awarded. We determined in the prior appeal that the Act
applied to ATSPAC. Sierra Club, 746 S.W.2d at 301. Therefore, ATSPAC was required to
comply with all provisions of the Act. Because the prior appeal was from a summary judgment
rendered on the grounds that ATSPAC was not a governmental body, there was no evidence in
the record by which we could determine whether ATSPAC had complied with the Act and we
remanded the cause.

 Our prior opinion stated that the cause was remanded "for trial on the issue of
whether ATSPAC complied with the applicable provisions of [the Act]." Sierra Club, 746
S.W.2d at 301. ATSPAC argues that the trial court was limited on remand to making a factual
determination of compliance with the notice provisions of the Act. We disagree. By its terms,
section 3(b) applied to any action brought under section 3 to enjoin or void actions taken in
violation of the Act. See Tex. Rev. Civ. Stat. Ann. art. 6252-17 § 3(b) (West Supp. 1992). We
conclude that the issue of attorney's fees under the Act falls within the scope of a trial to
determine compliance with the Act. Even if the remand was limited, the trial court is given a
reasonable amount of discretion to comply with the mandate. Texacally Joint Venture v. King,
719 S.W.2d 652, 653 (Tex. App.--Austin 1986, writ ref'd n.r.e.).

 The doctrine of "the law of the case" prohibits the relitigation of issues decided in
the previous appeal. Texacally Joint Venture, 719 S.W.2d at 653; Miller v. Winn, 28 S.W.2d
578, 580 (Tex. Civ. App.--Fort Worth 1930, writ ref'd). We previously determined the
applicability of the Act to ATSPAC. Therefore, under the law of the case, ATSPAC is barred
from challenging the Act's applicability in this appeal. We overrule ATSPAC's tenth point of
error.



Attorney's Fees Incurred in Collection of Fees


 In its eleventh point of error, ATSPAC argues that section 3(b) does not authorize
an award of attorney's fees accrued in efforts to collect previously awarded attorney's fees
incurred in litigation of the merits. We disagree. Reasonable attorney's fees may be awarded to
any substantially prevailing party under section 3(b). Appellants cite no authority for the
proposition that this award is limited to fees incurred on the merits. We see no reason that a
substantially prevailing party should not recover attorney's fees incurred in collecting previously
awarded attorney's fees. To hold otherwise would encourage bad-faith delays and resistance to
attorney's-fees judgments. Additionally, the jury made a separate finding that the Sierra Club was
entitled to $59,000 in attorney's fees incurred after the entry of the partial summary judgment. 
Thus, the jury rejected the argument that under principals of fairness fees should not be awarded
for attorney's fees collection efforts. We overrule ATSPAC's eleventh point of error.



Governmental Immunity


 In its second point of error, SDHPT contends that it is not subject to an award of
attorney's fees because it possesses government immunity. Absent an express waiver of
governmental immunity from liability, a party cannot obtain an award of attorney's fees from a
governmental unit. Texas Dep't of Human Servs. v. Methodist Retirement Servs., Inc., 763
S.W.2d 613, 614-15 (Tex. App.--Austin 1989, no writ); Texas Employment Comm'n v. Camarena,
710 S.W.2d 665 (Tex. App.--Austin 1986), rev'd on other grounds, 754 S.W.2d 149 (Tex. 1988). 
Because by its terms the Act applies only to governmental bodies and because section 3(b) of the
Act expressly provides for an award of attorney's fees for a substantially prevailing party, whether
"plaintiff or defendant," we conclude that section 3(b) operates as an express waiver of
governmental immunity from liability. Tex. Rev. Civ. Stat. Ann. art. 6252-17 §§ 1(c), 2(a), &
3(b) (West Supp. 1992). Therefore, we overrule SDHPT's second point of error.



Joint and Several Liability of SDHPT


 In its first point of error, SDHPT argues that the trial court erred in rendering
judgment against SDHPT and ATSPAC jointly and severally. SDHPT contends that because
SDHPT had no authority or control over the operations of ATSPAC it cannot be held jointly and
severally liable with ATSPAC as a partner or joint enterprise. SDHPT also argues that ATSPAC
is an entity created under federal law and as such is an arm of the federal government and not a
state agency. The Sierra Club replies that SDHPT, as one of the governmental entities which
created and controlled ATSPAC, is liable for ATSPAC's actions.

 The Sierra Club's apparent basis for holding SDHPT, the County, and the City
liable with ATSPAC is that the parent entities entered into a joint venture in forming ATSPAC
and, thus, were jointly liable for ATSPAC's actions. The elements of a joint venture are: (1)
community of interest; (2) joint right of control; and (3) sharing of profits, losses, and costs or
expenses. Brown v. Cole, 291 S.W.2d 704 (Tex. 1956); Great Am. Mortg. Investors v. Louisville
Title Ins. Co., 597 S.W.2d 425, 431 (Tex. Civ. App.--Fort Worth 1980, writ ref'd n.r.e.). 
Whether the given facts in a particular case establish the existence of a joint venture, or whether
the evidence raises a fact issue on the question, is an issue of law to be determined by the court. 
Tex-Co Grain Co. v. Happy Wheat Growers, Inc., 542 S.W.2d 934, 936 (Tex. Civ.
App.--Amarillo 1976, no writ); Price v. Wrather, 443 S.W.2d 348 (Tex. Civ. App.--Dallas 1969,
writ ref'd n.r.e.).

 The Sierra Club does not present any authority and we are aware of no authority
making state agencies strictly liable for the actions of subordinate "special districts," metropolitan
planning organizations, or other jointly created governmental entities. Additionally, there is
nothing in the agreement between SDHPT, the County, and the City expressly agreeing to liability
for ATSPAC's actions. Therefore, the issue of joint and several liability depends on a
determination of the relationship between ATSPAC and its parent entities.

 The joint and several liability of SDHPT and the other defendants was determined
by the partial summary-judgment the trial court rendered on January 10, 1990. At the summary-judgment hearing, the Sierra Club argued SDHPT's liability based on the following: (1) SDHPT,
the County, and the City created ATSPAC by written agreement; (2) the agreement controlled
ATSPAC's voting membership, functions, area of coverage, senior staff duties, budget process,
and dissolution procedures; (3) ATSPAC received $23,800 from the state and Travis County in
fiscal year 1987-1988 and $25,400 from the state and Travis County in fiscal year 1988-1989;
and (4) SDHPT provided additional support for ATSPAC in the form of legal services and
funding for extraordinary expenses, such as consultant's fees. The Sierra Club supported these
allegations by affidavits, deposition testimony, and documentation. The Sierra Club argued that
since "SDHPT, Travis County, and City of Austin control absolutely [ATSPAC's] existence,
organization, and functions, and because SDHPT and Travis County supply by far the bulk of
[ATSPAC's] operating resources, all defendants should be held jointly and severally liable."

 The standards for reviewing a summary judgment are well established: (1) The
movant for summary judgment has the burden of showing that no genuine issue of material fact
exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a
disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant
will be taken as true; and (3) every reasonable inference must be indulged in favor of the
nonmovant and any doubts resolved in its favor. Nixon v. Mr. Property Management Co., 690
S.W.2d 546, 548-49 (Tex. 1985).

 SDHPT did not object to the summary-judgment proof the Sierra Club offered and
did not file a response to the Sierra Club's motion. Instead, SDHPT relied only on its previously
filed motion for summary judgment that alleged that it was protected by governmental immunity
and that the Sierra Club failed to allege a cause of action against SDHPT. Because SDHPT did
not file a response to the Sierra Club's motion for partial summary judgment, SDHPT is limited
on appeal to a challenge of the legal sufficiency of the Sierra Club's summary-judgment proof. 
See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d at 678.

 Although SDHPT offered additional testimony at the jury trial concerning its
relationship with ATSPAC, the partial summary judgment had established SDHPT's joint and
several liability for the jury award of attorney's fees. Accordingly, the issue of the joint and
several liability of SDHPT and the other defendants was not submitted to the jury. At the
conclusion of the jury trial on the amount of attorney's fees, the trial court merely incorporated
its prior interlocutory ruling of joint and several liability into the final judgment. Therefore, we
will not consider the jury-trial testimony in reviewing this point. Gandara v. Novasad, 752
S.W.2d 740, 743 (Tex. App.--Corpus Christi 1988, no writ).

 SDHPT has failed to bring a complete record of the summary-judgment proceedings
on appeal. The transcript does not contain the depositions the Sierra Club presented to the court
as summary-judgment proof. Therefore, we must presume that the omitted material supported
the trial court's judgment. De Santis v. Wackenhut Corp., 793 S.W.2d 670, 689 (Tex. 1990),
cert. denied, 111 S. Ct. 755 (1990). If the appellate record fails to contain an affidavit or
deposition filed in support of the motion for summary judgment, the trial court's judgment will
be affirmed on appeal. See Crown Life Ins. Co. v. Gonzalez, 820 S.W.2d 121, 122 (Tex. 1991).

 In the agreement, which is part of the record, SDHPT, the County, and the City,
provided for joint participation, control, and sharing of the expenses of ATSPAC by the parties. 
This evidence supports a finding that SDHPT entered into a joint venture in regard to ATSPAC. 
Under the presumption that the missing deposition evidence supports the judgment, we cannot
conclude that the trial court erred in finding SDHPT jointly and severally liable as a matter of
law. Accordingly, we overrule SDHPT's first point of error. 



Finality of Prior Dismissal of SDHPT


 In its third point of error, SDHPT argues that its prior dismissal from the suit was
a final judgment and barred any further relief as to SDHPT. We disagree. In its order dismissing
SDHPT from the suit, the court expressly removed "with prejudice to refile same" from the order,
making the dismissal without prejudice. Thus, this order by its terms had no preclusive effect on
the Sierra Club's claims against SDHPT and the other dismissed defendants. The Sierra Club
properly rejoined SDHPT to the lawsuit before the final judgment. We overrule SDHPT's third
point of error.



Attorney's Fees on Appeal


 In its twelfth point of error, ATSPAC argues that an award of attorney's fees on
appeal is not proper if the judgment below is reversed or reformed. Having found no reason to
reverse or reform the trial court judgment, we overrule this point.



CONCLUSION


 We affirm the judgment of the trial court.



 

 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Jones and Kidd]


Affirmed


Filed: November 25, 1992


[Publish]

1. [1] Now designated as the Texas Department of Transportation.
2. [2] "In an action brought under this section, a court may assess costs of litigation and
reasonable attorney's fees incurred by a plaintiff or defendant who substantially prevails. In
exercising its discretion, the court shall consider whether the conduct of the government body
had a reasonable basis in law and whether the litigation was brought in good faith." Tex.
Rev. Civ. Stat. Ann. art 6252-17 § 3(b) (West Supp. 1992) (emphasis added).
3. [3] Texas Const. art. I, § 16 provides: "No bill of attainder, ex post facto law, retroactive
law, or any law impairing the obligations of contracts, shall be passed."