**Appellees' Motion for Rehearing Granted; Appellants' Motion for Rehearing Denied; Affirmed as Modified and Substitute Memorandum Opinion filed June 1, 2023.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-21-00303-CV

### RICHARD D. DAVIS L.L.P., A NEVADA LIMITED LIABILITY PARTNERSHIP, AND RICHARD D. DAVIS, L.L.P., A TEXAS GENERAL PARTNERSHIP, Appellants

### V.

### ANDY KNOTT, BILL GREEN, DEMPSEY GEAREN, JIM PHILLIPS, PHIL BIRKELBACH, PAUL KATES, DANNY LANGHORNE, HANS VAN DER VOORT, GENE MORTON, AND STANLEY HOFFPAUIR, Appellees

**On Appeal from the 506th Judicial District Court**
**Waller County, Texas**
**Trial Court Cause No. 08-12-19600**

## SUBSTITUTE MEMORANDUM OPINION

We issued our original opinion in this case on March 2, 2023. Appellee Bill Green filed a motion for rehearing, informing us that he waives his rights to any additional appellate attorney's fees on remand.

Appellants Richard D. Davis L.L.P., A Nevada Limited Liability Partnership, and Richard D. Davis, L.L.P., A Texas General Partnership ("the Davis Parties") filed their own motion for rehearing and motion for extension of time to file their motion for rehearing. We grant Green's motion for rehearing, deny the Davis Parties' motion for rehearing, withdraw our previous opinion, vacate our previous judgment, and issue this substitute opinion and judgment.

Appellants challenge the clarifying order the trial court issued in favor of appellees Andy Knott, Bill Green, Dempsey Gearen, Jim Phillips, Phil Birkelbach, Paul Kates, Danny Langhorne, Hans Van Der Voort, Gene Morton, and Stanley Hoffpauir ("the Green Parties"). In seven issues, the Davis Parties argue that: (1) the Green Parties waived their appellate fees; (2) the Davis Parties pursued a "successful appeal" in the prior appeal to our court; (3) the Green Parties pursued an "unsuccessful appeal" in the prior appeal to our court; (4) alternatively, both parties were partly successful and partly unsuccessful and the parties' appellate fees should be offset; (5) our prior opinion remanding the case to the trial court was a general remand, not a limited remand; (6) the Davis Parties were entitled to pursue their supplemental claims after the remand; and (7) the trial court's clarifying order was not a final judgment because it did not dispose of the Davis Parties' claims and counterclaims in their sixth amended counterclaim, which was filed after the remand. Because appellees—through Green's motion for rehearing—have now waived their right to any additional attorney's appellate fees, we modify the judgment to delete the award of conditional appellate fees awarded to the Green Parties pertaining to the appeal to our court, and affirm the judgment of the trial court as modified.

# I.   BACKGROUND[1]

In December 2008, the Green Parties sued the Davis Parties, seeking, in relevant part, declaratory and injunctive relief that would (1) allow the Green Parties to access and repair the Sky Dive Houston Airport in Waller, Texas, to which the Green Parties held a right-of-way easement and (2) enjoin certain of the Davis Parties' use of the airport and airstrip. The Green Parties, as property owners and residents in the Sky Lake Subdivision in Waller County, alleged that the skydiving operations at the airport had increased and that the increase in skydiving unreasonably interfered with the ability of others to use the airstrip. The Davis Parties filed counterclaims and a third-party action, which were severed from the Green Parties' claims.

In 2014, the Green Parties moved for partial summary judgment, requesting that the trial court issue declaratory judgments in regard to their real property rights. The trial court signed an order granting their motion for partial summary judgment. Among other declarations concerning the parties' rights and obligations related to the airstrip, the summary judgment also noted that the trial court "finds and orders the following":

K.   [The Green Parties] have the right of access to the Airport for aviation purposes;

L.   [The Green Parties] have the right to inspect the Airport for aviation purposes;

M.   [The Green Parties] have the right to maintain the Airport for aviation purposes;

N.   [The Green Parties] have the right to repair the Airport for

---

[1] Because the parties are familiar with the facts of the case and the procedural history, we recite only the facts of the case necessary to advise the parties of the court's decision and the basic reasons for it in light of the issues raised. *See* Tex. R. App. P. 47.1, 47.4.

aviation purposes;

O.  [The Green Parties] have the right to improve the Airport for use of the Airport for aviation purposes;

. . .

Q.  [The Davis Parties] and [their] partners, agents, representatives, successors, grantees, assignees, lessees and licensees have no right to interfere with Plaintiffs [sic] use of and benefit from the Airport for aviation purposes;

. . .

S.  [The Davis Parties] and [their] partners, agents, representatives, successors, grantees, assignees, lessees and licensees have no right to use the Airport for any purpose other than aviation purposes.

. . .

U.  [The Davis Parties] and [their] partners, agents, representatives, successors, grantees, assignees, lessees and licensees have no right to use the Airport for residential purposes.

In January 2017, a jury trial was conducted to determine the amount of attorney's fees owed to the Green Parties and to litigate the Davis Parties' counterclaims and requests for declaratory relief. The jury returned a verdict in favor of the Green Parties, finding that the Davis Parties were not entitled to recover on their counterclaims and that the Davis Parties did not obtain any property rights via prescription. The Davis Parties filed a motion to disregard the jury findings. On January 10, 2017, the trial court issued a final judgment, which included the same rights and declaratory relief as requested by the Green Parties in their partial summary judgment, but the final judgment also included the following:

11.  The Court finds that the following declaratory relief requested

4

by the Defendants is granted:

A.    The Plaintiffs and Counter-Defendants, as lot owners in either Sky Lakes Addition Section I or Sky Lakes Additions Section II, have no rights to use the airstrip in question in this case unless they pay a reasonable maintenance fee for the use of same or unless Plaintiffs complete all maintenance and repairs, deferred or future, on the Airstrip and facilities dedicated to their use as lot owners in the 1976 Amendment to the Deed Restrictions and Restrictive Covenants binding on Sky Lakes Addition Sections I and II lot owners.

B.    The Davis Partnerships, and their partners' use of the Sky Dive Houston Airport and its airstrip for sky diving is in conformity with Federal Aviation Administration ("FAA") Regulations and does not unreasonably interfere with the rights of any lot owners in Sky Lakes Addition Section I or Sky Lakes Addition Section II to use the airstrip as allowed by any restrictions or dedications in force or effect which are currently binding on the property.

C.    The use of the airstrip and airport property for skydiving purposes is a lawful aviation use of the airspace over the airstrip and airport owned by Davis Nevada Limited Liability Partnership and is a use for aviation purposes of the premises which does not unreasonably interfere with any other aviation use of the airstrip. Plaintiffs and Counter-Defendants, as individuals, have no power to regulate or dictate the manner in which a lawful aviation use is conducted on the airstrip or airport. The restrictions as written do not prohibit the aviation use of skydiving. Plaintiffs and Counter-Defendants have no superior aviation rights to the airstrip, but must share the airstrip in common with all other users including the public users who are business invitees of the Davis Defendants.

D.    The use by the Davis Partnerships, and their partners, of

5

the Sky Dive Houston Airport and airstrip for sky diving activities in conformity with FAA Regulations in the manner proven before the jury in this case by testimony and evidence does not constitute a substantial annoyance to any lot owners or home owners in Sky Lakes Addition Sections I and II.

E.  The Davis Partnerships, and their partners' use of the Sky Dive Houston Airport and its airstrip does not impermissibly "dominate" the Sky Dive Houston Airport or airstrip in any manner nor violate any restrictions or dedications which are in force and effect that define and/or restrict the use of said airport and/or said airstrip.

F.  The Plaintiffs' claims concerning Defendants' alleged interference with their rights to use the 55-acre airport or airstrip are barred by prescription.

G.  Defendants, Suarez and the Davis Partnerships, are not liable for any claims concerning the former operations of Jump Out Express, L.L.C., the Davis Partnership's prior tenant, as a matter of law based on lease of airport property.

H.  The Davis Nevada Limited Liability Partnership as owner of the Sky Dive Houston Airport and the airstrip has the right to charge any lot owner in Sky Lakes Addition Section I or Section II a maintenance and/or upkeep fee for necessary maintenance and upkeep of the airstrip.

I.  The right of any lot owner in Sky Lakes Addition Section I or II to taxi, take off, or land, on the airstrip at the Sky Dive Houston airport is subject to payment of a maintenance fee. Without payment of such maintenance fee, any lot owners of Sky Lakes addition Sections I and II have no right to use the Sky Dive Airport's airstrip for taxiing, landing, or taking off, in their aircraft.

J.  The Davis Nevada Limited Liability Partnership as

6

owner of the Sky Dive Houston Airport and airstrip, retains the right to promulgate and enforce reasonable regulations, rules, and restrictions, for the management and use of the Sky Dive Houston Airport and its airstrip. All lot owners paying a maintenance and/or upkeep fee and using the airstrip on the fifty-five acres must obey such rules and regulations or face termination of their rights to use the airstrip.

K.  The Defendants and Counter-Plaintiffs hold the right to maintain the airstrip located on the airport property and are entitled to collect a reasonable maintenance and/or upkeep fee from the Counter-Defendants which includes costs of labor, management, and materials.

L.  Any right that Plaintiffs and Counter-Defendants had to prevent skydiving activities by Counter-Plaintiffs and Defendants utilizing a Twin Otter Aircraft, operating at full capacity or right to ban sky diving activities on the airport property as an "unreasonable interference" with the rights of lot owners to use the airport property or airstrip for aviation purposes, or that skydiving harassed and annoyed such lot owners while they were making aviation use of the airport, airstrip, and/or its facilities, was lost by Counter-Defendants under prescription. Counter-Plaintiffs and Defendants used the airstrip and airport to conduct skydiving activities with a Twin otter Aircraft carrying and dumping 20 to 23 skydivers per flight that landed on the airport and airstrip as an approved drop zone under FAA regulations for a continuous period of time from 1993, when R. D. Davis Limited Liability Partnership, a Texas General Partnership purchased the airstrip and airport, to at least 2007 - a period of time over ten (10) years. Counter-Plaintiffs and Defendants' use of the Twin otter aircraft at full capacity was "open and obvious" to all lot owners in Sky Lakes Addition Sections I and II as well as notorious. The use of the airport for skydiving activities by smaller aircraft was also "open and obvious" and went on for more than ten consecutive years prior to the date

7

the Plaintiffs filed suit. The ten (10) years statute of limitations bars any complaint by Counter-Defendants that sky diving or the level, intensity, or number of skydivers, violates any right they have to use the airstrip in question.

M.   The free use of the airport property and airstrip by nonlot owners in free fly-ins conducted by any lot owners in Sky Lakes Addition Sections I and II is a violation of the Deed Restrictions and Restrictive Covenants applicable to Sky Lakes Addition Sections I and II as well as a breach of the restrictive covenants.

N.   Neither the Davis Defendants nor the Plaintiffs may unreasonably interfere with the use of the airstrip by any lot owners in Sky Lakes Addition Sections I and II or by the Davis Defendants or their tenants or business invitees for aviation purposes.

O.   The Davis Defendants have the right under the applicable Deed Restrictions of Sky Lakes Addition Sections I and II to charge a reasonable maintenance or upkeep fee to all lot owners in Sky Lakes Addition Sections I and II for all required maintenance on the airstrip.

Thus, the trial court disregarded the jury's verdict and found that there was evidence to support the Davis Parties' prescription defense.

The trial court's final judgment also recited that the Green Parties were entitled to recover $125,000 in attorney's fees from Richard Davis, LLP, a Nevada Limited Liability Partnership, ("Davis Nevada"), because the trial court had granted an Order for Partial Summary Judgement on December 9, 2015, in favor of the Green Parties. Because the trial court also awarded Davis Nevada $22,500 in attorney fees, it reduced the Green Parties attorney fee award to $102,500. Additionally, the trial court granted—to both Davis Nevada and the Green Parties—a conditional $25,000 if "any appeal . . . to the Texas Courts of Appeal

. . . is unsuccessful," plus another conditional $15,000 if "any appeal . . . to the Texas Supreme Court . . . is unsuccessful."

In 2019, the Green Parties appealed certain subsections of section 11 of the trial court's final judgment and raised three issues on appeal, while the Davis Parties raised four issues on cross-appeal; our court issued a substitute opinion in December 2019. *See Green v. Richard D. Davis, L.L.P.*, 593 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). In their first issue, the Green Parties asserted that the final judgment ignored the jury's finding that skydiving activities at the airport after March 21, 2008, unreasonably interfered with their rights. *Id.* at 846. We overruled the first issue by concluding that the trial court's declarations were not inconsistent with the jury's answers.[2] *Id.* at 847.

---

[2] The following excerpt from our court's opinion regarding the prior appeal more fully explains our resolution of the Green Parties' first issue:

> In their first issue, the Green Parties assert these four declarations ignore the jury's finding that skydiving activities at the airport after March 21, 2008 unreasonably interfered with their rights. The Green Parties acknowledge, as they did in the trial court, that the skydiving activities at the airport substantially increased beginning March 2008 when Jump Out Express began operating its skydiving business. The Green Parties claim declaration 11.B. should state:
>
>> The Davis Partnerships, and their partners' use of the Sky Dive Houston Airport and its airstrip for sky diving beginning March 8, 2008 unreasonably interfered with the rights of lot owners in Sky Lakes Addition Section I or Sky Lakes Addition Section II to use the airstrip.
>
> As to declarations 11.C., 11.D., and 11.E., the Green Parties assert they should be reversed and stricken from the judgment.
>
> The Davis Parties argue the trial court correctly disregarded the jury's answer to Question No. 2 because it was irrelevant since the Green Parties settled with Jump Out Express before trial. The trial court declared, and the Green Parties do not challenge, the trial court's finding in 11.G. as to the operations conducted by Jump Out Express LLC:
>
>> [11.]G. Defendants, Suarez and the Davis Partnerships, are not liable for any claims concerning the former operations of Jump Out Express, L.L.C., the Davis Partnership's prior tenant, as a matter of law based on lease of airport property.

In their second issue, the Green Parties challenged paragraphs F and L of the final judgment, arguing that the trial court erred by declaring that the Green Parties were barred by prescription from complaining about the skydiving activities. Our court sustained the Green Parties' second issue, observing that "the record reflects, and the Davis Parties do not dispute, that the Davis Parties['] use of the property was not exclusive. Accordingly, there is no evidence of one of the elements required to establish an easement by prescription." *Id.* at 850.

In their third issue, the Green Parties challenged paragraphs A, H, I, J, K, M, and O of the final judgment. Our court concluded that by failing to provide specific argument and substantive legal analysis supported by record citations and authority, the Green Parties' issue concerning paragraph K was waived, and we further concluded that the trial court's declarations as to paragraphs A, I, and M were supported by evidence in the record and thus overruled the Green Parties' complaints as to those paragraphs. *Id.* But we sustained the challenges as to paragraphs H, J, and O, concluding that these declarations in the final judgment were advisory. *Id.* at 854.

The Davis Parties raised four issues in their cross-appeal. We concluded that their first issue related to the declaration language was waived. *Id.* In their second issue, the Davis Parties asserted the trial court erred by awarding the Green Parties

---

The jury found skydiving operations unreasonably interfered with use of the airstrip by others beginning in March 2008, during the tenancy of Jump Out Express, LLC. The trial court's declarations to the effect that the Davis Parties' use of the airstrip did not unreasonably interfere with use of the airstrip by others is supported by the jury's answer to Question No. 1. The trial court's declarations are not inconsistent with the jury's answers, because the answers reflect the skydiving operations that unreasonably interfered with or impaired the landowners' right to use the airstrip, were conducted during the tenancy of Jump Out Express. Accordingly, issue one is overruled.

*Green v. Richard D. Davis, L.L.P.*, 593 S.W.3d 842, 846–47 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

attorney's fees because they were not the "prevailing party." *See* Tex. Prop. Code Ann. § 5.006. Our court overruled this second issue, noting that in a declaratory judgment action "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." *Id.* at 855 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 37.009). We further noted that such an award "is not dependent on a finding that a party "substantially prevailed." *Id.* (quoting *Barshop v. Medina Cty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996)).

In their third issue, the Davis Parties argued the trial court's award of attorney's fees was erroneous because the Green Parties failed to submit billing to support the award; our court overruled this issue, observing that "[P]roof of fees actually incurred or paid are not prerequisites to the recovery of attorney's fees in Texas." *Green*, 593 S.W.3d at 855. We also concluded that the Davis Parties' fourth issue, asserting that the trial court erred in refusing to award as damages the temporary injunction bond posted by the Green Parties, was waived because the Davis Parties' entire argument was based on a single conclusory statement, without reference to any legal argument, record citations, or authority. *Id.*

Ultimately, our court reversed paragraphs F, H, J, L, and O of subsection 11 of the final judgment, affirmed the remainder of the judgment, and remanded the case for "further proceedings in accordance with this opinion." *Id.* at 856. The Davis Parties filed two motions for rehearing and a motion for en banc reconsideration; our court denied all three motions. The Davies Parties then filed a petition for review with the Texas Supreme Court, which was also denied.

In December 2020, our court issued its mandate, informing the trial court that we had "inspected the record and find error in the judgment. We therefore order the judgment of the court below AFFIRMED IN PART and REVERSED IN PART. We REMAND the cause for proceedings in accordance with the court's

11

opinion."

In January 2021, the Davis Parties filed their sixth amended counter-claim. The Green Parties filed a motion to effectuate our opinion, judgment, and mandate, asking the trial court to vacate the portions of the judgment that our court had declared improper. On February 26, 2021, the trial court signed a clarifying order, which stated: "This clarifying order amends the January 10, 2017 judgment. This clarifying order merges with the January 10, 2017 judgment and constitutes the Court's final judgment." In its clarifying order, the trial court found that the Davis Parties were unsuccessful in both the court of appeals and the Supreme Court of Texas. Accordingly, the trial court awarded $142,500 to the Green Parties: $102,500 for trial court attorney's fees, $25,000 for attorney's fees incurred in the court of appeals, and $15,000 for attorney's fees incurred in the defending the Davies Parties' petition for review filed with the Supreme Court of Texas. In its clarifying order, the trial court also vacated paragraphs F, H, J, L, and O of the 2017 judgment.

The Davis Parties filed a motion for new trial, which was overruled by operation of law. The Davis Parties filed this timely appeal.

## II.     FINAL JUDGMENT

In their seventh issue, which we address first, the Davis Parties argue that we lack jurisdiction because the trial court's clarifying order on February 26, 2021 did not constitute a final judgment.

"[A]ny judgment following a conventional trial on the merits creates a presumption that the judgment is final for purposes of appeal." *Vaughn v. Drennon*, 324 S.W.3d 560, 561 (Tex. 2010). Additionally, "[a] judgment following a conventional trial on the merits need not dispose of every party and claim for the *Aldridge* presumption of finality to apply." *Id.* (citing *N. E. Indep. Sch. Dist. v.*

12

*Aldridge,* 400 S.W.2d 893, 897–98 (Tex. 1966)). "If there is any doubt as to the judgment's finality, then finality must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Id.* at 563 (internal quotations omitted).

The trial court's clarifying order in the present case stated: "This clarifying order amends the January 10, 2017 judgment. This clarifying order merges with the January 10, 2017 judgment and constitutes the Court's final judgment." The trial court indicated that, in accordance with our court's mandate, it was vacating five paragraphs from the 2017 final judgment. Additionally, the trial court noted that because our court affirmed the award of attorney's fees from the 2017 judgment and because Davis was unsuccessful in the Court of Appeals and the Supreme Court of Texas, it was awarding attorney's fees to the Green Parties.

This was a judgment issued after a conventional trial on the merits, an appeal to the court of appeals, and a subsequent remand. There is nothing to indicate that the trial court did not intend to fully dispose of the entire case. Furthermore, we note that the parties treated the clarifying order as a final judgment. After the trial court signed the clarifying order, the Green Parties filed a motion for new trial; filing such an order would not be necessary unless the Green Parties believed the clarifying order to be a final judgment. *See Vaughn*, 324 S.W.3d at 561. Thus, we conclude that the *Aldridge* presumption applied in this case, and the trial court's clarifying order constituted a final judgment. *See id.*

We overrule the Davis Parties' seventh issue.

### III. DID THE GREEN PARTIES WAIVE THEIR AWARD OF APPELLATE ATTORNEY'S FEES?

In their first issue, the Davis Parties assert that the Green Parties waived their appellate attorney's fees by failing to file a motion for rehearing and by

failing to petition the Texas Supreme Court for review. According to the Davis Parties, a party that obtains an award of appellate attorney's fees in the trial court judgment is required on appeal to complain by motion for rehearing and direct appeal, if the appellate court issues a judgment and opinion which does not award the same attorney fees on appeal as were awarded by the trial court. We reject the Davis Parties' argument and conclude that there is no such requirement.

The Davis Parties cite to a single case to support their argument: *Hudspeth Cnty. Underground Water Conservation Dist. No. 1 v. Guitar Holding Co., L.P.*, 355 S.W.3d 428, 434 (Tex. App.—El Paso 2011, pet. denied). However, *Hudspeth* is distinguishable from the present case and does not stand for the general proposition that a party must complain via motion for rehearing if an appellate court does not award the identical appellate attorney's fees awarded by the trial court. Rather, in *Hudspeth*, a ranch sued a groundwater conservation district seeking to invalidate the district's new water permit rules. *Id.* at 430. After consolidating administrative appeals, the district court upheld the validity of the new rules and permits, awarded the ranch a refund of administrative fees, and denied attorney fees to the District. *Id.* The ranch appealed, and the District filed a cross-appeal. *Id.* The court of appeals held, in relevant part, that the District was the "prevailing party" and had established entitlement to attorney's fees, costs of expert witnesses, and other costs under the Texas Water Code. *Id.* The ranch subsequently petitioned the supreme court for review, but specifically declined to challenge the court of appeals' holding that the District was the prevailing party and that it was entitled to attorney's fees and costs. *Id.* The supreme court granted the ranch's petition for review; however, on motion for rehearing, the supreme court noted that its opinion and judgment were limited to the issues presented on appeal. *Id.* On remand, the trial court found that the District was not the prevailing party and refused to award attorney's fees and costs to the District; the District

14

again appealed. The court of appeals concluded that the ranch waived any challenge to the award of attorney's fees, costs of expert witnesses, and other costs and prevailing party status when it failed to petition the supreme court for review on those issues. *Id.*

Unlike *Hudspeth*, in the present case, there is no waiver by the Green Parties as to the issue of appellate attorney's fees. The trial court awarded attorney's fees to the Green Parties, and it was the Davis Parties that challenged that issue on cross-appeal. The Davis Parties argue that it was error for the trial court to award those fees because the Green Parties were not the "prevailing party," but our court concluded that in a declaratory judgment action, it is within the discretion of the trial court to award attorney's fees as are "equitable and just." *Green*, 593 S.W.3d at 855; *see* Tex. Civ. Prac. & Rem. Code Ann. § 37.009. The Davis Parties then appealed to the Supreme Court of Texas, but their petition was denied. The Davis Parties also contend that the trial court improperly asserted appellate jurisdiction by determining which party was successful in the prior appeals and awarding conditional appellate attorney's fees. But trial courts have a reasonable amount of discretion to comply with mandates from courts of appeals. *See Austin Transp. Study Policy Advisory Comm. v. Sierra Club*, 843 S.W.2d 683, 690 (Tex. App.—Austin 1992, writ denied). The trial court was not improperly exercising appellate jurisdiction by determining who was successful; it was within the trial court's discretion to make that determination in order to comply with our mandate. *See id.*

In their first issue the Davis Parties also assert that the courts of appeal have a "non-delegable duty" to determine which party is "successful." Appellate courts are required to address every issue necessary for final disposition of an appeal. *See* Tex. R. App. P. 47.1. While our court should award to the prevailing party costs incurred by the party related to the appeal, we have discretion to tax costs

otherwise as required by law or for good cause. *Id.* R. 43.4. Additionally, the Davis parties have not cited any authority supporting this argument.

While we conclude that the Green Parties did not waive their award of appellate attorney's fees by their actions prior to the issuance of our opinion, Green filed a motion for rehearing after the issuance of our opinion. In his motion, Green explicitly states that he waives his right to recover his award of additional appellate attorney's fees, and requests that we modify the opinion and judgment to effectuate his waiver. We overrule the Davis Parties' first issue.

## IV.     UNSUCCESSFUL APPEALS

In their second issue, the Davis Parties claim that the trial court erred in determining that the Davis Parties were unsuccessful in their appeals to the court of appeals and the Supreme Court of Texas. In their third issue, the Davis Parties argue that the trial court erred in determining that the Green Parties did not pursue unsuccessful appeals to the court of appeals and the Supreme Court of Texas. In their fourth issue, the Davis Parties argue that, in the alternative, both the Green and Davis Parties were, in part, unsuccessful on appeal, and thus the appellate attorney's fees awarded should be offset.

### A.     STANDARD OF REVIEW & APPLICABLE LAW

Generally, we review a trial court's decision to grant or deny attorney's fees for an abuse of discretion. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding principles. *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997). When reviewing a trial court's decision under this standard, we must view the evidence in the light most favorable to the trial court's ruling and indulge every presumption in its favor. *Aquaduct, L.L.C. v. McElhenie*, 116 S.W.3d 438,

16

444 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Phillips & Akers, P.C. v. Cornwell*, 927 S.W.2d 276, 279 (Tex. App.—Houston [1st Dist.] 1996, no writ).

An award of appellate attorney's fees to the appellees must be contingent upon the appellant's unsuccessful appeal. *See Picket v. Keen*, 47 S.W.3d 67, 78 (Tex. App.—Corpus Christi 2001, no pet.); *Siegler v. Williams*, 658 S.W.2d 236, 241 (Tex. App.—Houston [1st Dist.] 1983, no writ). To do otherwise would penalize a party for pursuing a meritorious appeal. *Schlueter v. Schlueter,* 975 S.W.2d 584, 590 (Tex. 1998); *Picket*, 47 S.W.3d at 78. Guiding law only allows for total recovery of the conditional appellate fees if the decision has been "resolved in that party's favor." *Ventling v. Johnson*, 466 S.W.3d 143, 156 (Tex. 2015).

## B. APPLICATION

The Davis Parties contend that they pursued a successful appeal to the court of appeals because our prior opinion reversed only five of the fifteen declaratory judgment determinations. Alternatively, the Davis Parties argue that both parties "were partially successful and partially unsuccessful in the court of appeals and the Texas Supreme Court and the appellate fees of the parties offset."

The Green Parties raised three issues on appeal. We overruled their first issue. Their second and third issues challenged various paragraphs in the final judgment. The trial court's final judgment contained fifteen determinations of declaratory relief, set out in paragraphs A through O of subsection 11. The Green Parties challenged nine of those paragraphs: A, F, H, I, J, K, L, M, and O. We sustained the Green Parties' second issue related to paragraphs F and L, and we sustained the third issue as it related to paragraphs H, J, and O. Thus, we sustained five of the Green Parties' nine challenges to the declaratory relief determinations.

The Davis Parties raised four issues on cross-appeal, and we denied all four of those issues.

When our court issued its opinion in the prior appeal, the Davis Parties filed two motions for rehearing and one motion for en banc reconsideration, all three of which were denied. The Davis Parties also filed a petition for review with the Texas Supreme Court, which was also denied. The Davis Parties did not prevail on any cross-issue they raised on appeal, and their petition for review was denied, thus, we cannot conclude that the trial court abused its discretion in determining that the Davis Parties pursued unsuccessful appeals to our court and the Texas Supreme Court. *See Bocquet*, 972 S.W.2d at 21.

Concerning the appeal to our court, however, the Green Parties were only partially successful. *Ventling*, 466 S.W.3d at 156. Stated differently, while the Davis Parties were wholly unsuccessful on all of their affirmative issues, the Green Parties were partially successful and partially unsuccessful. Thus, we agree with the Davis Parties' fourth issue in that both parties were partially unsuccessful; however, we disagree that their conditional appellate fees offset each other because, as mentioned above, the Davis Parties were completely unsuccessful while the Green Parties were partially successful and partially unsuccessful.

In this scenario, we would typically reverse the award of conditional attorney's fees for appeal to this court, and remand to the trial court for a determination of the reasonable amount of appellate attorney's fees to be awarded to the Green Parties. *See Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 188 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (remanding appellate attorney's fees to the trial court for segregation of fees for successful claims, or to demonstrate why segregation is not required); *Taylor Morrison of Tex., Inc. v. Fulcher*, No. 13-20-00332-CV, 2022 WL 3092553, at *7 (Tex. App.—Corpus Christi–Edinburg Aug. 4, 2022, no pet.) (mem. op.) (remanding to trial

18

court on the "issue of conditional appellate attorney's fees for a determination of the reasonable amount to be awarded to appellee given that appellant was partially successful in this appeal").

However, as noted above, in his motion for rehearing, Green has now waived his right to recover any additional attorney's fees. Therefore, we do not need to remand for a determination of reasonable attorney's fees. Instead, we modify the judgment to delete the award of conditional appellate attorney's fees in the amount of $25,000 to the Green Parties. We overrule the Davis Parties' second and third issues, but sustain their fourth issue in part.

## V. GENERAL VS. LIMITED REMAND

In their fifth issue, the Davis Parties argue that our court's prior opinion resulted in a general remand, not a limited remand, to the trial court, entitling the Davis Parties to amend their counterclaim upon remand. In their sixth issue, the Davis Parties claim that res judicata and the doctrine of finality do not prevent them from amending their claims to pursue supplemental declaratory relief.

### A. STANDARD OF REVIEW & APPLICABLE LAW

"Generally, when an appellate court reverses and remands a case for further proceedings, and the mandate is not limited by special instructions, the effect is to remand the case to the lower court on all issues of fact, and the case is reopened in its entirety." *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 392 S.W.3d 729, 734 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). In interpreting the mandate of an appellate court, courts look not only to the mandate itself but also to the opinion of the court. *See Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 409 n.31 (Tex. 2009) (Brister, J., concurring) (noting that where a judgment refers to further proceedings consistent with the court's opinion, "[t]he nature of the judgment is therefore determined by an inspection of the opinion"); *Simulis*, 392 S.W.3d at 734.

**B.**     APPLICATION

The Davis Parties argue that this court's opinion and judgment constituted a general remand and reopened the case on all issues, allowing for the amendment of their counterclaims. However, this issue is moot. Assuming without deciding that we issued a general remand and that the Davis Parties were allowed to amend their pleadings, the trial court nevertheless issued a clarifying order on February 26, 2021, which constituted a final judgment, as we concluded above in addressing the Davis Parties' seventh issue. The Davis Parties filed their sixth amended counterclaim in January 2021. Therefore, regardless of whether the Davis Parties were permitted to amend their counterclaims, the trial court issued a final judgment, disposing of all claims and parties, including any new or additional claims raised by the Davis parties in their sixth amended counterclaim. *See Vaughn*, 324 S.W.3d at 561.

The Davis Parties additionally argue that res judicata and the doctrine of finality do not bar their supplemental claims following remand. This issue is also moot. The Green Parties never asserted res judicata or the doctrine of finality in an affirmative motion to the trial court. The Davis Parties raised the issue, sua sponte, in their response and objection to the Green Parties' motion to strike the Davis Parties' sixth amended counterclaim. There is no evidence that the trial court ever considered or ruled on the issues of res judicata or the doctrine of finality; the trial court did not rule on the motion to strike. *See id.*

In summary, after the Davis Parties filed their sixth amended counterclaim, the trial court issued a final judgment, impliedly disposing of all claims and counterclaims, including any amended counterclaims, between the parties. Accordingly, we overrule the Davis Parties' fifth and sixth issues.

## V.     CONCLUSION

We modify the judgment to delete the award of conditional appellate attorney's fees in the amount of $25,000 to the Green Parties. We affirm the remainder of the trial court's judgment as modified.

/s/      Margaret "Meg" Poissant
         Justice

Panel consists of Justices Wise, Hassan, and Poissant.